FILED

2005 Apr-19 PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



# ALABAMA STATE BAR

415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334 / 269-1515 • Fax: 334 / 261-6310
www.alabar.org

### STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance
with Rule VII, Rules Governing Admission to the Alabama State Bar *(Pro HacVice):*

**PETITIONER:**    Ms. Melissa A. Holyoak
O'Melveny & Myers
1625 Eye Street NW
Washington, DC    20006-4001

RECEIVED AND FILED
MARY H. HARRIS

**APR 1 2 2005**

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

**CURRENT APPLICATION:**

Date Application Received:    April 04, 2005
Case No.:    CV04-912
Style:    Sybile Lilly vs. Ocwen Federal Bank
FSB, et al.
Court/Agency:    Circuit Court of Shelby County
Date of Hearing:    April 26, 2005

**LOCAL COUNSEL:**    Mr. Brian Mitchel Blythe
Bradley Arant  Rose & White LLP
One Federal Place
1819 5th Ave N
Birmingham, AL    35203-2104

APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER
ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING 365 DAYS AS LISTED:

See Attached

*Emily N. Farrior*

PHV Admissions
April 08, 2005



EXHIBIT

1

LAWYERS RENDER SERVICE

# O'Melveny & Myers
## Dates reported: April 09,2002 - April 08,2005

| Applicant | Date App Received | Case | Court | G/D/P/M |
|---|---|---|---|---|
| Anderson, Brian C. | | | | |
| | 07/23/2004 | CV02-3400 | Circuit Court of Mobile County | G |
| Aronson, Barton S. | | | | |
| | 05/13/2004 | CV02-3400 | Circuit Court of Mobile County | M |
| Brooks, Brian P. | | | | |
| | 04/08/2005 | CV04-91 | Circuit Court of Perry County | P |
| Dye, Martha | | | | |
| | 07/30/2002 | CV2002-738H | Circuit Court of Montgomery County | G |
| Hiler, Bruce A. | | | | |
| | 07/30/2002 | CV2002-738H | Circuit Court of Montgomery County | G |
| Holyoak, Melissa A. | | | | |
| | 04/04/2005 | CV04-1285 | Circuit Court of Tuscaloosa County | P |
| | 04/04/2005 | CV04-91 | Circuit Court of Perry County | P |
| | 04/04/2005 | CV04-912 | Circuit Court of Shelby County | P |
| | 03/31/2005 | CV04-5268 | Circuit Court of Jefferson County | P |
| Kilduff, Jeffrey W. | | | | |
| | 07/30/2002 | CV2002-738H | Circuit Court of Montgomery County | G |
| Niblock, John F. | | | | |
| | 02/03/2005 | OJ04-1076 | Circuit Court of Jefferson County-Bessemer | G |
| Schwing, Mel A. | | | | |
| | 02/03/2005 | OJ04-1076 | Circuit Court of Jefferson County-Bessemer | G |
| Shors, Matthew M. | | | | |
| | 05/13/2004 | CV02-3400 | Circuit Court of Mobile County | G |



**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000   FAX 205.521.8800
WWW.BRADLEYARANT.COM

Brian M. Blythe

Direct Dial: (205) 521-8719
Direct Fax: (205) 488-6719
bblythe@bradleyarant.com

April 5, 2005

RECEIVED AND FILED
MARY H. HARRIS

APR 0 7 2005

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

Ms. Mary H. Harris
Circuit and District Clerk
Circuit Court of Shelby County
Shelby County Courthouse
Main St.
Columbiana, AL 35051

Re:   *Sybile Lilly v. Ocwen Federal Bank, FSB, et al.*
      Shelby County Circuit Court, No.: CV-2004-912

Dear Ms. Harris:

Enclosed please find a Verified Application for Admission to Practice Under Rule VII of the Rules Governing Admission to the Alabama State Bar, along with a Certificate of Good Standing, for filing on behalf of Brian P. Brooks in the above-referenced case. It is my understanding that the Court will set a date for hearing of this motion upon filing.

Please return file-stamped copies of the Verified Application for Admission in the enclosed self-addressed, stamped envelope.

Thank you for your attention to this matter. If you have any questions, do not hesitate to give me a call.

Sincerely,

Brian M. Blythe

BMB/jle

Enclosures

cc:   R. Cooper Shattuck
      Jane L. Calamusa
      John N. Bolus
      Malone-Gordon Mortgage & Investments, Inc.

BIRMINGHAM    CHARLOTTE    HUNTSVILLE   ·   JACKSON    MONTGOMERY    WASHINGTON, DC

SYBILE LILLY
_____,

Plaintiff

VS.

OCWEN FEDERAL BANK FSB, et al.
_____,

Defendant

CV-2004-912
_____

Case No.

Circuit Court of Shelby County, Alabama
_____

(Court or Administrative Agency)

RECEIVED AND FILED
MARY H. HARRIS

APR 0 7 2005

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

## VERIFIED APPLICATION FOR ADMISSION
## TO PRACTICE UNDER RULE VII OF THE
## RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now Brian P. Brooks _____, applicant

herein, and respectfully represents the following:

1. Applicant resides at 6818 Wemberly Way _____,

Street Address

| McLean | Fairfax | Virginia |
|--------|---------|----------|
| City | County | State |
| 22101 | (703) 356-2320 | 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 |
| Zip Code | Telephone | Social Security Number |

2. Applicant is an attorney and a member of the law firm of (or practices law

under the name of) O'Melveny & Myers, LLP _____, with

offices at 1625 Eye Street, NW _____, Washington, DC _____,

Street Address          City

_____, District of Columbia 20006 (202) 383-5127 _____,

County          State          Zip Code          Telephone

3.  Applicant has been retained personally or as a member of the above named
law firm by Ocwen Federal Bank FSB _____ to
provide legal representation in connection with the above-styled matter now pending
before the above-named court or administrative agency of the State of Alabama.

   4. Since _____ January 5, of 19/96 ____, applicant has been,
and presently is, a member in good standing of the Bar of the highest court of the
State of District of Columbia _____, where applicant
regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

   5. Applicant has been admitted to practice before the following courts: (List
all of the following courts applicant has been admitted to practice before: United States
District Courts; United States Circuit Courts of Appeals; the Supreme Court of the
United States; and courts of other states.)

| Court: | Date Admitted: |
| --- | --- |
| Supreme Court of California | 12/01/94 |
| Court of Appeals for the District of Columbia | 01/5/96 |
| Supreme Court of the United States | 2002 |
| U.S. Court of Appeals for the Fourth Circuit | 2003 |
| U.S. Court of Appeals for the Fifth Circuit | 1995 |
| U.S. Court of Appeals for the Sixth Circuit | 1997 |
| U.S. Court of Appeals for the Ninth Circuit | 2001 |
| U.S. Court of Appeals for the Eleventh Circuit | 1996 |
| U.S. District Court for the District of Columbia | 01/08/01 |
| U.S. District Court for the Central District of California | 2001 |
| U.S. District Court for the Central District of Illinois | 2001 |

3. Applicant has been retained personally or as a member of the above named law firm by  Ocwen Federal Bank FSB                                        to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4. Since _____ January 5, of 19/96 ____, applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of  District of Columbia                                     , where applicant regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List all of the following courts applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states.)

| Court: | Date Admitted: |
|---|---|
| CONTINUED | |
| U.S. District Court for the Northern District of California | 2003 |
| U.S. District Court for the District of Maryland | 12/15/03 |
| U.S. District Court for the Eastern District of California | 2003 |
| U.S. District Court for the Southern District of California | 2004 |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)

_____

_____

_____

     6.  Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

N/A _____

_____

_____

     7.  Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

N/A _____

_____

_____

     8.  Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

N/A _____

_____

_____

## EXHIBIT A

| Attorney Name | Case | Case Number | Jurisdiction | Disposition of Application | Date of Application |
|---|---|---|---|---|---|
| Richard J. Dyer | *United Systems Access Telecom, Inc.* | Docket 28386 | Alabama Public Service Commission | Granted | 1/24/02 |
| Thomas M. Riordan | *Braxton C. Counts, Jr. v. Security-Connecticut Life Insurance Company, et al.* | CV-01-001159-RGK | Circuit Court of Mobile County, AL | Granted | 2/13/02 |
| John Stamper | *Braxton C. Counts, Jr. v. Security-Connecticut Life Insurance Company, et al.* | CV-01-001159-RGK | Circuit Court of Mobile County, AL | Granted | 2/13/02 |
| Martha Dye | *Retirement Systems of Alabama v. Merrill Lynch & Co., et al.* | CV-2002-738-H | Circuit Court of Montgomery County, Alabama | Granted | 7/29/02 |
| Bruce A. Hiler | *Retirement Systems of Alabama v. Merrill Lynch & Co., et al.* | CV-2002-738-H | Circuit Court of Montgomery County, Alabama | Granted | 7/29/02 |
| Jeffrey W. Kilduff | *Retirement Systems of Alabama v. Merrill Lynch & Co., et al.* | CV-2002-738-H | Circuit Court of Montgomery County, Alabama | Granted | 7/29/02 |
| Walter E. Dellinger | *General Motors Corp. v. Jernigan* | No. 1020069 | Supreme Court of Alabama | Granted | 4/29/03 |
| Brian D. Boyle | *General Motors Corp. v. Jernigan* | No. 1020069 | Supreme Court of Alabama | Granted | 4/29/03 |
| Matthew M. Shors | *General Motors Corp. v. Jernigan* | No. 1020069 | Supreme Court of Alabama | Granted | 4/29/03 |

| | | | | | |
|---|---|---|---|---|---|
| Stephen J. Harburg | *General Motors Acceptance Corp. v. City of Red Bay & Franklin County, et al.* | No. 1012194 | Supreme Court of Alabama | Granted | 10/20/03 |
| Charles E. Borden | *General Motors Acceptance Corp. v. City of Red Bay & Franklin County, et al.* | No. 1012194 | Supreme Court of Alabama | Granted | 10/20/03 |
| Brian C. Anderson | *Thomas J. McGettigan, Cathy S. McGettigan, and Pauline C. Langham v. Ford Motor Co.* | CV-2002-3400 | Circuit Court of Mobile County, Alabama | Granted | 5/21/04 |
| Matthew M. Shors | *Thomas J. McGettigan, Cathy S. McGettigan, and Pauline C. Langham v. Ford Motor Co.* | CV-2002-3400 | Circuit Court of Mobile County, Alabama | Granted | 5/21/04 |
| Mel A. Schwing | *Johnston et al. v. Ford Motor Co. et al.* | CV-2004-1076 | Circuit Court of Jefferson County, Bessemer Division | Granted | 2/25/05 |
| John F. Niblock | *Johnston et al. v. Ford Motor Co. et al.* | CV-2004-1076 | Circuit Court of Jefferson County, Bessemer Division | Granted | 2/25/05 |
| Barton S. Aronson (no longer with firm) | *Thomas J. McGettigan, Cathy S. McGettigan, and Pauline C. Langham v. Ford Motor Co.* | CV-2002-3400 | Circuit Court of Mobile County, Alabama | Withdrew Motion (6/4/04) before Order Granting Admission | 5/13/04 |
| Melissa A. Holyoak | *Pamella Orr v. Ocwen Federal Bank FSB, et al.* | CV-2004-5268 | Circuit Court of Jefferson County, Alabama | Pending | 3/31/05 |
| Melissa A. Holyoak | *Harry Collins and Judy Collins v. New Century Mortgage Corp., et al.* | CV-2004-886 | Circuit Court of Shelby County, Alabama | Pending | 3/31/05 |

| Melissa A. Holyoak | Wayne Sellers v. Ocwen Federal Bank FSB, et al. | CV-2004-1285 | Circuit Court of Tuscaloosa County, Alabama | Pending | 3/31/05 |
|---|---|---|---|---|---|
| Melissa A. Holyoak | Sybile Lilly v. Ocwen Federal Bank FSB, et al. | CV-2004-912 | Circuit Court of Shelby County, Alabama | Pending | 3/31/05 |
| Melissa A. Holyoak | Cheryle Williams v. Ocwen Federal Bank FSB, et al. | CV-2004-91 | Circuit Court of Perry County, Alabama | Pending | 3/31/05 |

9. Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

N/A

10. Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):

N/A

11. Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

12. Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| SEE ATTACHED 12. | | | | |

(If necessary, please attach statement of additional applications.)

13. Local counsel of record associated with applicant in this matter is

John E. Goodman, Brian Blythe, Benjamin Moncrief of Bradley Arant Rose & White, LLP ,

who has offices at One Federal Place, 1819 Fifth Avenue North                            ,

| Birmingham | Jefferson County | ,Alabama, |
|---|---|---|
| City | County | |
| 35203-2104 | (205) 521-8000 | , |
| Zip Code | Telephone | |

14. The following lists accurately state the name and address of each party in

this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and

address of each counsel of record who has appeared for each party:

Name of Party                                    Mailing Address

See Attached 14.

Name of Counsel        Party Represented        Mailing Address

See attached 14.

Verified Application for Admission to Practice Under Rule VII of the RulesGoverning
Admission to the Alabama State Bar

14.

| Name of Party | Mailing Address |
|---|---|
| Sybile Lilly | 70 Dana Drive<br>Montevallo, AL 35115 |
| Ocwen Federal Bank, FSB | c/o Registered Agent Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, LLP | P.O. Box 785051<br>Orlando, FL 32878-5051 |
| Malone-Gordon Mortgage & Investments, Inc. | c/o Thomas R. Gordon<br>1529 23rd Avenue<br>Tuscaloosa, AL 35401 |

| Name of Counsel | Party Represented | Mailing Address |
|---|---|---|
| R. Cooper Shattuck<br>Jane L. Calamusa | Sybile Lilly | Rosen Cook Sledge Davis Shattuck & Oldshue, PA<br>2117 Jack Warner Parkway<br>Post Office Box 2727<br>Tuscaloosa, AL 35403 |
| John N. Bolus | Moss Codilis | Maynard, Cooper & Gale, P.C.<br>1901 Sixth Avenue North, Suite 2400<br>Birmingham, AL 35203 |
| Brian M. Blythe<br>John E. Goodman<br>Benjamin E. Moncrief | Ocwen FSB | Bradley Arant Rose & White LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203-2104 |

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _____1st_____ of ~~March~~ *April* , 20 05 .

Brian P. Brooks
_____
APPLICANT

STATE OF _____*DISTRICT OF COLUMBIA*_____

COUNTY OF _____ )

I, _____*BRIAN BROOKS*_____ ,do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

_____
APPLICANT/AFFIANT

Subscribed and Sworn to before me this

_____1st_____ day of *April* , 20 05 .

_____
NOTARY PUBLIC
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 31, 2005

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this _____5th_____ day of _____*April*_____ ,20 05 .

_____
LOCAL COUNSEL OF RECORD

## NOTICE OF HEARING

This application for admission is set for hearing before the court or administrative agency in the style hereof on the_____day of_____,20____.

_____
APPLICANT/AFFIANT

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the Alabama State Bar by mail addressed to: Alabama State Bar, Attn: PHV Admissions, P.O. Box 671, Montgomery, Alabama 36101, accompanied by payment of the $100 filing fee to the Alabama State Bar on this the____5th____day of ____April_____, 20_05_.

_____
APPLICANT/AFFIANT

(Form approved by Alabama State Bar
and Alabama Supreme Court to be
effective January 1,1994.)



## District of Columbia Court of Appeals
### Committee on Admissions
### 500 Indiana Avenue, N.W. — Room 4200
### Washington, D. C. 20001
### 202 / 879-2710

I, GARLAND PINKSTON, JR., Clerk of the District of Columbia

Court of Appeals, do hereby certify that

Brian Brooks

was on the    5th    day of    JANUARY, 1996

duly qualified and admitted as an attorney and counselor and

entitled to practice before this Court and is, on the date

indicated below, an active member in good standing of this Bar.

In Testimony Whereof, I have
hereunto subscribed my name
and affixed the seal of this
Court at the City of
Washington, D.C., on March
28, 2005.

GARLAND PINKSTON, JR., CLERK

By: _____
                Deputy Clerk

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon:

> R. Cooper Shattuck
> Jane L. Calamusa
> Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
> 2117 Jack Warner Parkway
> Post Office Box 2727
> Tuscaloosa, Alabama  35403

> John N. Bolus
> Maynard, Cooper & Gale, P.C.
> 1901 Sixth Avenue North, Suite 2400
> Birmingham, Alabama  35203

> Malone-Gordon Mortgage & Investments, Inc.
> c/o Thomas R. Gordon
> 1529 23rd Avenue
> Tuscaloosa, Alabama 35401

by United States mail, first class and postage prepaid, on this 5th day of April, 2005.

Of Counsel



# ALABAMA STATE BAR

415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334 / 269-1515 • Fax: 334 / 261-6310
www.alabar.org

## STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance with Rule VII, Rules Governing Admission to the Alabama State Bar *(Pro Hac Vice)*:

**PETITIONER:**   Ms. Melissa A. Holyoak
O'Melveny & Myers
1625 Eye Street NW
Washington, DC   20006-4001

RECEIVED AND FILED
MARY H. HARRIS

APR 0 7 2005

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

**CURRENT APPLICATION:**

|  |  |
|---|---|
| Date Application Received: | April 04, 2005 |
| Case No.: | CV04-912 |
| Style: | Sybile Lilly vs. Ocwen Federal Bank FSB, et al. |
| Court/Agency: | Circuit Court of Shelby County |
| Date of Hearing: | May 16, 2005 |

**LOCAL COUNSEL:**   Mr. Brian Mitchel Blythe
Bradley Arant Rose & White LLP
One Federal Place
1819 5th Ave N
Birmingham, AL   35203-2104

APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING 365 DAYS AS LISTED:

See Attached

*Emily M. Farrior*
PHV Admissions
April 05, 2005



LAWYERS RENDER SERVICE

# O'Melveny & Myers
## Dates reported: April 06,2002 - April 05,2005

| Applicant | Date App Received | Case | Court | G/D/P/M |
|---|---|---|---|---|
| Anderson, Brian C. | | | | |
| | 07/23/2004 | CV02-3400 | Circuit Court of Mobile County | G |
| Aronson, Barton S. | | | | |
| | 05/13/2004 | CV02-3400 | Circuit Court of Mobile County | M |
| Dye, Martha | | | | |
| | 07/30/2002 | CV2002-738H | Circuit Court of Montgomery County | G |
| Hiler, Bruce A. | | | | |
| | 07/30/2002 | CV2002-738H | Circuit Court of Montgomery County | G |
| Holyoak, Melissa A. | | | | |
| | 04/04/2005 | CV04-1285 | Circuit Court of Tuscaloosa County | P |
| | 04/04/2005 | CV04-91 | Circuit Court of Perry County | P |
| | 04/04/2005 | CV04-912 | Circuit Court of Shelby County | P |
| | 03/31/2005 | CV04-5268 | Circuit Court of Jefferson County | P |
| Kilduff, Jeffrey W. | | | | |
| | 07/30/2002 | CV2002-738H | Circuit Court of Montgomery County | G |
| Niblock, John F. | | | | |
| | 02/03/2005 | OJ04-1076 | Circuit Court of Jefferson County-Bessemer | G |
| Schwing, Mel A. | | | | |
| | 02/03/2005 | OJ04-1076 | Circuit Court of Jefferson County-Bessemer | G |
| Shors, Matthew M. | | | | |
| | 05/13/2004 | CV02-3400 | Circuit Court of Mobile County | G |

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

RECEIVED AND FILED
MARY H. HARRIS
                    Oo   MHH
APR 8 2005

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

GREGORY M. DAVIS,                    )
                                     )
        PLAINTIFF,                   )
                                     )
V.                                   )        CIVIL ACTION NO.: CV 04-917
                                     )
AIRPORT MARINE, INC., et al.         )
                                     )
        DEFENDANTS.                  )

## NOTICE OF FILING

Comes now the Plaintiff in the above styled cause and pursuant to Rule 5 of the Alabama Rules of Civil Procedures gives notice that on the 4th day of April, 2005, the following pleadings were served on the Defendant's counsel:

1.      Plaintiff's Second Request for Production of Documents to Defendant.


CHARLES H. BOOHAKER
Attorney for Plaintiff

OF COUNSEL:

CHARLES H. BOOHAKER, P.C.
1905 14th Avenue South
Birmingham, Alabama 35205
(205) 930-5900

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing upon counsel of record by placing a copy of the same in the United States mail, postage prepaid, and properly addressed on this the 4th day of April, 2005.

A. Vincent Brown, Jr., Esquire
A. VINCENT BROWN, JR., P.C.
510 North 18th Street
Bessemer, AL  35020


OF COUNSEL

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| ALABAMA RENTALS, INC., | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No.: <u>CV-04-919</u> |
| | ) | |
| RAM TREE, INC.; RICHARD RAPIER, | ) | |
| JR.; RAPIER & COMPANY, | ) | |
|     **Defendant.** | ) | |

RECEIVED AND FILED
MARY H. HARRIS

APR 0 7 2005

~~CIRCUIT & DISTRICT~~
COURT CLERK
SHELBY CO.

### NOTICE TO THE CLERK OF COURT

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of the Plaintiff.

(      )    Plaintiff's Post Judgment Interrogatories to the Defendant
(      )    Plaintiff's Post Judgment Requests for Production to the Defendant
(      )    Plaintiff's Interrogatories and Request for Production to the Defendant
(      )    Plaintiff's Response to Defendant's Interrogatories
(      )    Plaintiff's Response to Defendant's Requests for Production
(      )    Plaintiff's Request for Admission
(      )    Response to Request for Admission
(  **xx**  )    Notice of Taking Deposition of **RICHARD RAPIER**
(      )    Other:

_____

Victor L. Miller, Jr. (MIL040)
Attorney for Plaintiff

**OF COUNSEL:**

NEWMAN, MILLER & TERREBONNE
8778 Helena Road
Pelham, Alabama 35124
(205) 682-9660
(205) 682-9680 (Facsimile)
legsec@nmt-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record listed below, by depositing same in the United States Mail, postage prepaid, on this the 6 day of April, 2005.

Wm. Randall May
ALLISON, MAY, ALVIS, FUHRMEISTER,
& KIMBROUGH, L.L.C.
1300 Corporate Drive
Birmingham, Alabama 35242


OF COUNSEL

SYBILE LILLY
_____,

Plaintiff

CV-2004-912

Case No.

VS.

Circuit Court of Shelby County, AL

(Court or Administrative Agency)

OCWEN FEDERAL BANK FSB, et al.
_____,

Defendant

RECEIVED AND FILED
MARY H. HARRIS

APR 0 1 2005

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

## VERIFIED APPLICATION FOR ADMISSION
## TO PRACTICE UNDER RULE VII OF THE
## RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now Melissa A. Holyoak _____, applicant

herein, and respectfully represents the following:

1. Applicant resides at 800r Pennington Drive _____,

Street Address

Laurel _____, Anne Arundel County _____, Maryland _____,
City                     County                      State

20724 _____, (240) 393-5266 ____, 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 _____,
Zip Code            Telephone            Social Security Number

2. Applicant is an attorney and a member of the law firm of (or practices law

under the name of) O'Melveny & Myers, LLP _____, with

offices at 1625 Eye Street, NW _____, Washington D.C. _____,
            Street Address                      City

_____, D.C. _____, 20006 _, (202) 220-5052 _____,
County      State      Zip Code      Telephone

3.  Applicant has been retained personally or as a member of the above named

law firm by Ocwen Federal Bank FSB                                                    to

provide legal representation in connection with the above-styled matter now pending

before the above-named court or administrative agency of the State of Alabama.

4. Since  June 7, 2004            of 19/20____, applicant has been,

and presently is, a member in good standing of the Bar of the highest court of the

State of  District of Columbia                                    , where applicant

regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List

all of the following courts applicant has been admitted to practice before: United States

District Courts; United States Circuit Courts of Appeals; the Supreme Court of the

United States; and courts of other states.)

| Court: | Date Admitted: |
|---|---|
| Utah  Supreme C ourt | November 3, 2004 |
| District of Columbia | June 7, 2004 |
| U.S. District Court for the District of Columbia | December 3, 2004 |
| U.S. Court of Appeals for the Sixth Circuit | February 2, 2005 |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)

N/A

_____

_____

6. Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

N/A

_____

_____

7. Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

N/A

_____

_____

8. Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

N/A

_____

_____

9.   Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

N/A

10.   Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):

N/A

11.   Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.   N/A

12.   Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| See Attached 12. | | | | |
| | | | | |
| | | | | |
| | | | | |

(If necessary, please attach statement of additional applications.)

## 12. Applications Filed by Applicant or Applicant's Firm

| Attorney Name | Case | Case Number | Jurisdiction | Disposition of Application | Date of Application |
|---|---|---|---|---|---|
| Richard J. Dyer | *United Systems Access Telecom, Inc.* | Docket 28386 | Alabama Public Service Commission | Granted | 1/24/02 |
| Thomas M. Riordan | *Braxton C. Counts, Jr. v. Security-Connecticut Life Insurance Company, et al.* | CV-01-001159-RGK | Circuit Court of Mobile County, AL | Granted | 2/13/02 |
| John Stamper | *Braxton C. Counts, Jr. v. Security-Connecticut Life Insurance Company, et al.* | CV-01-001159-RGK | Circuit Court of Mobile County, AL | Granted | 2/13/02 |
| Martha Dye | *Retirement Systems of Alabama v. Merrill Lynch & Co., et al.* | CV-2002-738-H | Circuit Court of Montgomery County, Alabama | Granted | 7/29/02 |
| Bruce A. Hiler | *Retirement Systems of Alabama v. Merrill Lynch & Co., et al.* | CV-2002-738-H | Circuit Court of Montgomery County, Alabama | Granted | 7/29/02 |
| Jeffrey W. Kilduff | *Retirement Systems of Alabama v. Merrill Lynch & Co., et al.* | CV-2002-738-H | Circuit Court of Montgomery County, Alabama | Granted | 7/29/02 |
| Walter E. Dellinger | *General Motors Corp. v. Jernigan* | No. 1020069 | Supreme Court of Alabama | Granted | 4/29/03 |
| Brian D. Boyle | *General Motors Corp. v. Jernigan* | No. 1020069 | Supreme Court of Alabama | Granted | 4/29/03 |
| Matthew M. Shors | *General Motors Corp. v. Jernigan* | No. 1020069 | Supreme Court of Alabama | Granted | 4/29/03 |

| Stephen J. Harburg | *General Motors Acceptance Corp. v. City of Red Bay & Franklin County, et al.* | No. 1012194 | Supreme Court of Alabama | Granted | 10/20/03 |
|---|---|---|---|---|---|
| Charles E. Borden | *General Motors Acceptance Corp. v. City of Red Bay & Franklin County, et al.* | No. 1012194 | Supreme Court of Alabama | Granted | 10/20/03 |
| Brian C. Anderson | *Thomas J. McGettigan, Cathy S. McGettigan, and Pauline C. Langham v. Ford Motor Co.* | CV-2002-3400 | Circuit Court of Mobile County, Alabama | Granted | 5/21/04 |
| Lynn E. Parseghian | *Thomas J. McGettigan, Cathy S. McGettigan, and Pauline C. Langham v. Ford Motor Co.* | CV-2002-3400 | Circuit Court of Mobile County, Alabama | Granted | 5/21/04 |
| Matthew M. Shors | *Thomas J. McGettigan, Cathy S. McGettigan, and Pauline C. Langham v. Ford Motor Co.* | CV-2002-3400 | Circuit Court of Mobile County, Alabama | Granted | 5/21/04 |
| Mel A. Schwing | *Johnston et al. v. Ford Motor Co. et al.* | CV-2004-1076 | Circuit Court of Jefferson County, Bessemer Division | Granted | 2/25/05 |
| John F. Niblock | *Johnston et al. v. Ford Motor Co. et al.* | CV-2004-1076 | Circuit Court of Jefferson County, Bessemer Division | Granted | 2/25/05 |

DC1:612242.2

13. Local counsel of record associated with applicant in this matter is

## Bradley Arant Rose & White, LLP                                                    ,

who has offices at One Federal Place, 1819 Fifth Avenue North                          ,

Birmingham                          Jefferson County                          ,Alabama,
     City                                County

35203-2104                          , (205) 521-8000                  ,
    Zip Code                              Telephone

14. The following lists accurately state the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

Name of Party                                    Mailing Address
See attached 14.

| Name of Counsel | Party Represented | Mailing Address |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Verified Application for Admission to Practice Under Rule VII of the RulesGoverning
Admission to the Alabama State Bar

14.

| Name of Party | Mailing Address |
|---|---|
| Sybile Lilly | 70 Dana Drive<br>Montevallo, AL 35115 |
| Ocwen Federal Bank, FSB | c/o Registered Agent Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, LLP | P.O. Box 785051<br>Orlando, FL 32878-5051 |
| Malone-Gordon Mortgage & Investments, Inc. | c/o Thomas R. Gordon<br>1529 23rd Avenue<br>Tuscaloosa, AL 35401 |

| Name of Counsel | Party Represented | Mailing Address |
|---|---|---|
| R. Cooper Shattuck<br>Jane L. Calamusa | Sybile Lilly | Rosen Cook Sledge Davis Shattuck & Oldshue, PA<br>2117 Jack Warner Parkway<br>Post Office Box 2727<br>Tuscaloosa, AL 35403 |
| John N. Bolus | Moss Codilis | Maynard, Cooper & Gale, P.C.<br>1901 Sixth Avenue North, Suite 2400<br>Birmingham, AL 35203 |
| Brian M. Blythe | Ocwen FSB | Bradley Arant Rose & White LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203-2104 |

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _29th_ of _March_, 20 _05_

_Melissa A. Holyoak_
APPLICANT

STATE OF _WASHINGTON, DC_ )

COUNTY OF _____ )

I, _Melissa A. Holyoak_ ,do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

_Melissa A. Holyoak_
APPLICANT/AFFIANT

Subscribed and Sworn to before me this _29th_ day of _March_, 20 _05_.

_[signature]_
NOTARY PUBLIC FELICIA C. DULOSICH
Notary Public of District of Columbia
My Commission Expires November 30, 2006

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this _30th_ day of _March_, 20 _05_.

_[signature]_
LOCAL COUNSEL OF RECORD

## NOTICE OF HEARING

This application for admission is set for hearing before the court or administrative agency in the style hereof on the _26th_ day of _April_, 20_05_.

_____
APPLICANT/AFFIANT

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the Alabama State Bar by mail addressed to: Alabama State Bar, Attn: PHV Admissions, P.O. Box 671, Montgomery, Alabama 36101, accompanied by payment of the $100 filing fee to the Alabama State Bar on this the _30th_ day of _March_, 20_05_.

_____
APPLICANT/AFFIANT

(Form approved by Alabama State Bar
and Alabama Supreme Court to be
effective January 1,1994.)



**District of Columbia Court of Appeals**
Committee on Admissions
500 Indiana Avenue, N.W. — Room 4200
Washington, D. C. 20001
202 / 879-2710

I, GARLAND PINKSTON, JR., Clerk of the District of Columbia
Court of Appeals, do hereby certify that

MELISSA HOLYOAK

was on the 7TH day of JUNE, 2004

duly qualified and admitted as an attorney and counselor and
entitled to practice before this Court and is, on the date
indicated below, an active member in good standing of this Bar.

In Testimony Whereof, I have
hereunto subscribed my name
and affixed the seal of this
Court at the City of
Washington, D.C., on March
28, 2005.

GARLAND PINKSTON, JR., CLERK

By: _____
Deputy Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama  35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama  35203

Malone-Gordon Mortgage & Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama 35401

by United States mail, first class and postage prepaid, on this _30_ day of March, 2005.

Of Counsel

7/6/05

RECEIVED AND FILED
MARY H. HARRIS

MAR 2 2 2005

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| SYBILE LILLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. CV-2004-912 |
| | ) |
| OCWEN FEDERAL BANK FSB; | ) |
| MOSS, CODILIS, STAWIARSKI, | ) |
| MORRIS, SCHNEIDER, & PRIOR, | ) |
| L.L.P.; and Fictitious Defendants | ) |
| A, B, C et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## OCWEN FEDERAL BANK FSB'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CLAIMS EXCEEDING $75,000

COMES NOW defendant Ocwen Federal Savings Bank FSB ("Ocwen") and moves the court to enter partial summary judgment in its favor with respect to any claims exceeding $75,000 (including compensatory damages, punitive damages, equitable monetary relief, and attorneys' fees). As grounds for this motion Ocwen shows as follows.

### STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule 56(c)(1), Ocwen sets forth the following narrative summary of undisputed facts. The following facts are either undisputed or are uncontradicted by substantial evidence.

In order to defeat removal of this case to federal court, plaintiff Sybile Lilly unequivocally represented to the United States District Court for the Northern District of Alabama that "*the amount in controversy is less than $75,000.00.*" (*See Lilly v. Ocwen Federal Bank, FSB*, No. 04-J-2829-S, Motion to Remand, at 6 (N.D. Ala. Oct. 27, 2004) (emphasis added) ("Motion to Remand") (attached at Tab 1).) Based on this representation, the

federal court determined that the amount in controversy did not satisfy the jurisdictional threshold required for federal diversity jurisdiction and remanded the case to this court. (*Lilly v. Ocwen Federal Savings Bank, FSB*, No. 04-J-2829-S, Order, at 4 (Nov. 30, 2004) (attached at Tab 2).)

Plaintiff Sybile Lilly filed suit against Ocwen in this court alleging a variety of claims relating to the propriety and disclosure of fees, penalties and finance charges assessed and collected by defendants in holding, servicing, and pursuing foreclosure proceedings on plaintiff's mortgage. (*See, e.g.*, Compl. ¶¶ 9-25.)  Pursuant to these claims, plaintiff seeks not only compensatory damages, but also punitive damages, court costs (*see id.* ¶¶ 31, 37, 43, 48, 52, 55, 58, 63, 66, 69, 76.) and attorneys' fees. (*See id.* Count Five.)  On September 27, 2004, Ocwen removed the case to the United States District Court for the Northern District of Alabama. (*See Lilly v. Ocwen Federal Savings Bank, FSB, et al.*, No. 04-J-2829-S, Notice of Removal (N.D. Ala. Sept. 27, 2004) ("Notice of Removal") (attached at Tab 3).).  In support of removal based on federal diversity jurisdiction, Ocwen argued that this action puts more than $75,000 in controversy.  Specifically, Ocwen argued that in addition to the compensatory damages claims, plaintiff's claims for punitive damages, emotional distress, and attorneys' fees would independently and collectively exceed $75,000 based upon jury verdicts and findings in similar cases. (*See* Notice of Removal, at 3-6 (discussing cases).)

Plaintiff moved to remand the action to state court, arguing that the federal district court lacked federal diversity jurisdiction because the amount in controversy was less than $75,000.  In support of this argument, plaintiff represented to the federal court that:

> The Plaintiff's "out-of-pocket" damages in this action are currently estimated to be less than $10,000.00.  The Plaintiff is seeking also to recover damages for mental anguish in addition to punitive

> damages. . . . Because *the amount in controversy is less than*
> *$75,000.00,* the Plaintiff's Motion to Remand is due to be granted.

(Motion to Remand, at 7 (emphasis added) (attached at Tab 1).)  Relying on plaintiff's

unequivocal representation that the amount in controversy is less than $75,000, the federal

district court concluded the $75,000 jurisdictional threshold was not satisfied and remanded the

case to this Court.  (Order at 3.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue of material fact and the movant

is entitled to a judgment as a matter of law. *See* Ala. R. Civ. P. 56(c)(3);  *Aetna Life & Casualty*

*Co. v. Atlantic & Gulf Stevedores*, 590 So. 2d 205, 206 (Ala. 1991).

## ARGUMENT

There is no genuine issue of material fact that the total amount of damages in this case

may not exceed $75,000.00.  Plaintiff is judicially estopped from seeking damages in excess of

$75,000 because any request for damages above the jurisdictional minimum is clearly

inconsistent with her unequivocal representations to the federal district court. *See In re Donald*

*J. Vincent*, 883 So.2d 1236 (Ala. 2003).  Moreover, the federal court's determination that the

amount in controversy fails to meet the jurisdictional threshold now provides the law of the case

on that issue, and should not be revisited by this court. *See, e.g., United States v. Escobar-*

*Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law-of-the-case doctrine, an issue

decided at one stage of a case is binding at later stages of the same case. . . . Law of the case

rules have developed to maintain consistency and avoid reconsideration of matters once decided

during the course of a single continuing lawsuit.").  Accordingly, Ocwen is entitled to judgment

as a matter of law on any claims for damages (including compensatory damages, punitive

damages, equitable monetary relief, or attorneys' fees) exceeding $75,000.00.

I.    **JUDICIAL ESTOPPEL PRECLUDES PLAINTIFF FROM SEEKING ANY RELIEF EXCEEDING $75,000.**

"The law in Alabama is well settled that a party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter that is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts and where another would be prejudiced by his action." *See Aetna Life & Casualty Co. v. Atlantic & Gulf Stevedores*, 590 So. 2d 205, 208-209 (Ala. 1991) (citing cases). The essential purpose of the doctrine of judicial estoppel (traditionally referred to as the law of inconsistent positions) is to "prevent parties from deliberately shifting positions to suit the exigencies of the moment in order to maintain the sanctity of the oath and integrity of the judicial process." *In re Donald J. Vincent*, 883 So.2d 1236, 1244 (Ala. 2003); *see also Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000) (holding that judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"). Courts have recognized that judicial estoppel is appropriate where: (1) a party's later position is "clearly inconsistent" with its earlier position, (2) the party has been successful in the prior proceeding so that "judicial acceptance of an inconsistent position in a later proceeding . . . create[s] the perception that either the first or second court was mislead"; and (3) the party seeking to assert an inconsistent position "derive[s] an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *See In re Donald J. Vincent*, 883 So.2d at 1244-45 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

Plaintiff unequivocally represented to the United States District Court that the amount in controversy here is less than $75,000. (Motion to Remand at 7.) Any future claim by plaintiff for recovery exceeding $75,000 would be "clearly inconsistent" with this express disclaimer to

4

the federal court. *See, e.g., In re Donald J. Vincent*, 883 So.2d at 1245 (describing "clear inconsistency" of plaintiff's statement in a bankruptcy proceeding that he did not have $500,000 in cash with statement in later-filed lawsuit that he did); *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003) (alleging product defect was caused by manufacturer in first action was "clearly inconsistent" with naming a different manufacturer for the same defect in a second action). The success of the prior proceedings is likewise beyond dispute – the case was remanded from federal district court to this Court because the federal court accepted plaintiff's argument and determined that the amount in controversy did not satisfy the $75,000 minimum requirement for federal diversity jurisdiction. Finally, if allowed to claim damages in excess of $75,000 now that this case has been remanded to in state court, plaintiff would derive an unfair advantage and impose an unfair detriment on Ocwen.

In sum, plaintiff Lilly is judicially estopped from claiming any damages—compensatory, punitive, fee-shifting, or otherwise—in excess of $75,000.00. Because there is no genuine issue of material fact relating either to her representation to the federal court, or to the operation of judicial estoppel principles with respect to her claims here, Ocwen is entitled to partial summary judgment with respect to any claims exceeding $75,000.

## II.    THE LAW-OF-THE-CASE DOCTRINE PROHIBITS PLAINTIFF FROM SEEKING ANY RELIEF IN EXCESS OF $75,000.

The law-of-the-case doctrine requires that "whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." *Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 68 (Ala. 2001). The purpose of the law-of-the-case doctrine is to bring an efficient end to the litigation by foreclosing the possibility of repeatedly litigating an issue already decided in the case. *See Murphy v. Federal*

*Deposit Insurance Corp.*, 208 F.3d 959, 965 (11th Cir. 2000); *see also Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1199 (11th Cir. 2004) ("While not an inexorable command, the law of the case doctrine provides stability and finality in litigation, which are crucial cornerstone values for developing a just and efficient judicial process.") (citing *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987)). This doctrine applies with particular force to issues of fact and mixed issues of law and fact, such as damages. *See* Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 4478.5 (2d ed. 2002) ("If an attempt is made to press the same fact issue for a second time on an unchanged record, law-of-the-case reluctance approaches maximum force.").

Based upon plaintiff's unopposed representation, the federal district court concluded that it lacked federal diversity jurisdiction because the amount in controversy failed to satisfy the $75,000 jurisdictional threshold. The federal court's decision on the damages at issue "should continue to govern the same issues in subsequent stages in the same case." *See Bailey v. Allgas, Inc.*, 148 F. Supp. 2d 1222, 1229 (N.D. Ala. 2000) (citing *Murphy v. Federal Deposit Insurance Corp.*, 208 F.3d 959, 965 (11th Cir. 2000)). Indeed, the Supreme Court itself contemplated this scenario in *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574 (1999), when it indicated that if a district court remanded an action to state court for failure to satisfy the amount in controversy requirement for federal diversity jurisdiction, "the federal court's conclusion will travel back with the case." *Id.* at 586. "Assuming a fair airing of the issue in federal court, that court's ruling on permissible state-law damages may bind the parties in state court." *Id.*

For this additional reason, plaintiff's total recovery in this case—including compensatory damages, punitive damages, equitable monetary relief, and attorneys' fees—cannot exceed $75,000.00. Because there is no genuine issue of fact regarding the maximum recovery that may

be had in this case, the Court should enter partial summary judgment in favor of Ocwen on any claims exceeding $75,000.

## CONCLUSION

For the foregoing reasons, Defendant Ocwen respectfully requests that this court enter partial summary judgment exculpating Ocwen from any claim for damages exceeding $75,000.00.

Dated: March 21, 2005                    Respectfully submitted,


_____
John E. Goodman
Benjamin M. Moncrief
Brian M. Blythe
Attorneys for Defendant
Ocwen Federal Bank FSB

OF COUNSEL

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

> R. Cooper Shattuck
> Jane L. Calamusa
> Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
> 2117 Jack Warner Parkway
> Post Office Box 2727
> Tuscaloosa, Alabama  35403

> John N. Bolus
> Maynard, Cooper & Gale, P.C.
> 1901 Sixth Avenue North, Suite 2400
> Birmingham, Alabama  35203

> Malone-Gordon Mortgage & Investments, Inc.
> c/o Thomas R. Gordon
> 1529 23rd Avenue
> Tuscaloosa, Alabama 35401

by United States mail, first class and postage prepaid, on this 21 day of March, 2005.

Of Counsel

IN THE UNITED STATES DISTRICT COURT **FILED**
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION    04 SEP 27 PM 3:41

U.S. DISTRICT COURT
N.D. OF ALABAMA

SYBILE LILLY,

Plaintiff,

v.

OCWEN FEDERAL BANK, FSB; MOSS,
CODILIS, STAWIARSKI, MORRIS,
SCHNEIDER & PRIOR, L.L.P.; MALONE-
GORDON MORTGAGE & INVESTMENTS,
INC.; Fictitious Defendants A, B, C ... those
individuals, partnership, corporations, limited
liability companies, or other legal entities who are
or have been mortgage brokers, holder or
servicers of the notes and mortgages executed by
the Plaintiff, or who have otherwise attempted to
collect the fees, finance charges, and other
penalties from Plaintiff,

Defendants.

No. _____

CV-04-PT-2829-S

### NOTICE OF REMOVAL

COMES NOW Defendant Ocwen Federal Bank FSB ("Ocwen") and respectfully notifies

the Court pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the Circuit

Court of the State of Alabama for Shelby County to this Court. In support of its removal, Ocwen

submits this notice. Removal is based on the grounds that diversity jurisdiction exists over this

action because there is complete diversity among the parties and the amount in controversy

exceeds $75,000. Removal is also based on the grounds that federal question jurisdiction exists

over the Action because it involves claims that directly arise under federal law; claims that are

completely preempted by federal law; and claims that necessitate the resolution of substantial,

disputed questions of federal law.

## BACKGROUND

1.      This action was originally filed in the Circuit Court of the State of Alabama for Shelby County on August 5, 2004.  A copy of the complaint and all other documents served on defendants in the state court are attached hereto as part of collectively Exhibit 1.

2.      Ocwen was served on August 27, 2004. Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P ("Moss Codilis") was served on September 7, 2004, and defendant Malone-Gordon Mortgage & Investments, Inc. ("Malone-Gordon") has not been served.  This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3.      All defendants that have been served consent to removal of this action to federal court.  (*See* Notice of Citizenship and Consent to Removal (attached at Exh. 2 hereto.)

4.      Because Malone-Gordon has not been served, its consent to removal is not required. *See Estate of Zachery v. Questcase*, 895 F. Supp. 1472, 1475 (M.D. Ala. 1995) ("only *served* defendants must consent to removal") (emphasis in original) (citing *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)).

5.      Plaintiff's complaint alleges a variety of claims relating to the propriety and disclosure of fees, penalties and finance charges assessed and collected by defendants in originating, holding, servicing, and pursuing foreclosure proceedings on plaintiff's mortgage.  (*See, e.g.*, Compl. ¶¶ 7-27.)  This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332, and to the federal question jurisdiction conferred by

28 U.S.C. § 1331.  Supplemental jurisdiction exists with respect to any remaining claims, pursuant to 28 U.S.C. § 1367.

### DIVERSITY JURISDICTION

6.    Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because all parties are diverse and the amount in controversy exceeds $75,000.

### THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

7.    There is diversity of citizenship among all parties.  Plaintiff Sybile Lilly is a citizen of Alabama. (*See* Compl. ¶ 1.)

8.    Ocwen is a federally charted thrift incorporated under the laws of the United States.  (*See* Declaration of Chomie Neil (attached at Exh. 3).)  Ocwen's mortgage servicing centers are located in Florida.  (*See id.*)  Customer payments are received by Ocwen in Florida. (*See id.*)  At least 99 percent of Ocwen's employees, including its entire executive management, are located in Florida.  (*See id.*)  Ocwen has no physical premises or employees in Alabama. (*See id.*)  Ocwen is thus a citizen of Florida.  *See Loyola Fed. Savings Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995).

9.    Moss Codilis is a limited liability partnership.  "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004).  The limited and general partners of Moss Codilis are citizens of California, Colorado, Georgia, New Jersey, Ohio, Illinois, Michigan and Pennsylvania.  (*See* Notice of Citizenship and Consent to Removal (attached at Exh. 2).)  No partner of Moss Codilis is a citizen of Alabama.  (*See id.*)  Moss Codilis is therefore not a citizen of Alabama.

10.    Malone-Gordon has not been served. "[A] district court may disregard the citizenship of a defendant who has not been served in determining whether it may exercise diversity jurisdiction." *Ison Logging LLC v. John Deere Const. Equip. Co.*, 2000 U.S. Dist. LEXIS 316, at *6 n.1 (S.D. Ala. 2000) (citing *Mask v. Chrysler Corp.*, 825 F. Supp. 285, 289 (N.D. Ala. 1993), *aff'd*, 29 F.3d 641 (11th Cir. 1994)). [1]

11.    Plaintiff has also named Fictitious Defendants A, B, and C. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(a).

12.    Therefore, there is complete diversity between plaintiff and defendants in this matter. *See* 28 U.S.C. § 1332(a)(1).

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.    Plaintiff's complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

14.    Plaintiff in her complaint asserts at least eight intentional tort claims against defendants, including claims for fraud, suppression, wantonness, intentional infliction of emotional distress, conversion, defamation and conspiracy. She contends, among other things, that defendants wrongfully instituted foreclosure proceedings against her; required her to pay excessive fees relating to the foreclosure proceedings in order stop the foreclosure process; force-placed insurance coverage on her home when she already possessed insurance; collected

---

[1] Moreover, while Malone-Gordon is an Alabama citizen, it has been fraudulently joined in this action. Plaintiff asserts claims against Malone-Gordon solely based on its role as originator of plaintiff's mortgage loan. (*See* Compl. ¶ 9.) Plaintiff's loan was originated on August 21, 1997. This suit was filed on August 5, 2004. The longest statute of limitations applicable to plaintiff's claims is six years (applicable to plaintiff's breach of contract claim). *See* Ala. Code § 6-2-34(9). Plaintiff's claims against Malone-Gordon are thus plainly time-barred. Where there is no possibility that the plaintiff can prove a cause of action against a non-diverse defendant, the citizenship of that defendant is disregarded for purposes of assessing diversity jurisdiction. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).

money from her which was not owing; harassed her concerning payment of sums she did not

owe; and made defamatory statements about her credit or financial condition.  For these alleged

wrongs, she seeks an unlimited amount of compensatory and punitive damages.

15.    Where, as here, plaintiff seeks recovery in an indeterminate amount, diversity

jurisdiction exists where a removing defendant established by a preponderance of the evidence

that the amount in controversy exceeds $75,000.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319

(11th Cir. 2001).  That determination can be made either by two ways: (1) by demonstrating that

it is "facially apparent" that claims are likely above $75,000; or (2) by setting forth the facts in

controversy—either in the removal papers or by affidavit—that support a finding of the requisite

amount.  *Id.*  The determination of whether jurisdiction is "facially apparent" is "left in part to

the court's intuition and common sense."  *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593,

595 (E.D. Tex. 1996).  Where jurisdiction is not "facially apparent," the removing defendant

may use "summary judgment-type" evidence to establish that the amount in controversy exceeds

$75,000.  *Best Buy Co.*, 269 F.3d at 1319.  Jury verdicts in similar cases constitute competent

evidence that the jurisdictional amount requirement has been met.  *See, e.g., Glaze v. M.R.A.*

*Holding, LLC,* 2003 U.S. Dist. LEXIS 25572 (M.D. Fla. July 11, 2003) (denying remand in part

based on showing that jury verdicts in similar cases had resulted in awards above the

jurisdictional threshold); *Ansley v. Metropolitan Life. Ins. Co.*, 215 F.R.D. 575, 578 n.4 (D. Ariz.

2003) (to same effect); *Amos v. Citifinancial, Inc.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003)

(to same effect).

16.    Plaintiff seeks to recover various fees and payments she claims were improper.

Such damages aside, it is facially apparent that the damages claimed also exceed the necessary

$75,000 amount based on plaintiff's claims for punitive damages.  Plaintiff seeks punitive

damages in all twelve counts of the complaint. (See Compl. ¶¶ 31, 37, 43, 48, 55, 58, 63, 66, 69,

73, 76.) Plaintiff claims, among other things, that she was injured because of defendants'

misrepresentations and failure to disclose finance charges, fees and penalties. (Compl. ¶¶ 30, 34.)

Jury verdicts in Alabama for misrepresentation and concealment of finance charges relating to

loans have resulted in punitive damages awards far exceeding the jurisdictional minimum. *See,*

*e.g., Massey v. Ford Consumer Finance Co.,* Case No. CV 94-44, Bullock County Circuit Court

(verdict for $7,506,000 delivered June 1995).[2]  Independent of other forms of relief, plaintiff's

claims meet the amount in controversy requirements based on punitive damages.

17.    Plaintiff also claims that defendants inflicted emotional distress on plaintiff "by

threatening to foreclose on Plaintiff's property." (Compl. ¶ 60.) Jury verdicts in Alabama for

emotional distress relating to threats of foreclosure and failure to disclose hidden finance charges

have resulted in verdicts far exceeding the jurisdictional minimum. *See, e.g., Barlow v. Union*

*Mortgage Co.,* Case No. CV 89 22, Lowndes County Circuit Court, Alabama (verdict for

$6,153,000 delivered March 1991). The amount in controversy requirement is also fulfilled

based on plaintiff's claims for emotional distress.

18.    Plaintiff also claims a contractual entitlement to attorney's fees. (Compl. Count

Five.) Attorney's fees claimed under a contractual or statutory provision are included as part of

the amount in controversy. *See, e.g., Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199 (1933);

*Linkemar v. Health Care & Retirement Corp. of Am.,* 1999 U.S. Dist. LEXIS 18226, at *5 (S.D.

Fla. Oct. 5, 1999). Given the complexity of plaintiff's allegations, the likelihood of significant

---

[2] For other representative Alabama state court fraud verdicts (which plaintiff alleges in this case) *see, e.g., Fenn v. Liberty Nat'l Life Ins. Co.,* CV 93-49 (Barbour Co. Cir. Ct., Aug. 3, 1994) (alleged misrepresentation of cash value and future interest rate on insurance policy; punitive damage verdict of $2.5 million); *Gallant v. Prudential Ins. Co.,* CV 93-50 (Barbour Co. Cir. Ct.) (alleged misrepresentation that insurance agent misled policyholders concerning coverage during sales presentations; approximately $600 in actual damages; $25 million in punitive damages awarded); *Union Mortgage Co. v. Barlow,* 595 So. 2d 1335 (Ala. 1992) (Lowndes Co. Cir. Ct.) (fraud claimed in

motion practice (including motions to dismiss, summary judgment motions, and others), and the presence of multiple defendants, it is virtually certain that plaintiff's attorney's fees alone will exceed $75,000. [3]

### FEDERAL QUESTION JURISDICTION

19.    Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because plaintiff asserts claims arising directly under federal law; claims that are completely preempted by federal law; and claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law.

### THE COMPLAINT ASSERTS CLAIMS THAT ARISE DIRECTLY UNDER FEDERAL LAW

20.    Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because the complaint alleges claims arising under federal law, including the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1682 *et seq.*

21.    Count One of the complaint alleges that "Defendants failed to disclose … excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage." (Compl. ¶ 29.) The duty of creditors to disclose credit terms, specifically including "finance charges" and "penalties," is created by TILA. *See* 15 U.S.C. § 1638.  TILA provides a cause of action for damages resulting from a breach of that duty. 15 U.S.C. § 1640(a).  Fairly read, Count One of the complaint alleges a claim under TILA.

---

connection with a home improvement mortgage loan made by defendant through its agent, the contractor; compensatory damages of $150,000 and $6.001 million in punitive damages affirmed).
[3] In a similar case against Ocwen filed and prosecuted by the same counsel representing plaintiff Kelley, counsel submitted an attorney's fee petition relating to discovery in the case that totaled more than $200,000. *Dowdle v. Ocwen, et al.*, CV 99-082 (Cir. Ct. Fayette Co., Ala.)

22.    In Count Eleven of the complaint plaintiff alleges that she was "unable to refinance" because defendants "intentionally ... and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties." (Compl. ¶¶ 71, 73.) FCRA provides that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2. FCRA provides a cause of action for damages resulting from noncompliance, *Id.* §§ 1641n, 1641o. Fairly read, Count Eleven of the complaint alleges a claim under FCRA.

## THE COMPLAINT ASSERTS CLAIMS THAT ARE COMPLETELY PREEMPTED BY FEDERAL LAW

23.    Federal question jurisdiction also exists over actions against federally chartered financial institutions (like Ocwen) "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Under the doctrine of complete preemption, the federal statute "provides the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Id.* at 9.

24.    Plaintiff's state-law claims challenging the excessiveness of finance charges are completely preempted. (*See, e.g.*, Compl. ¶ 29.) The Home Owner's Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq.*, expressly preempts state laws that limit the amount of finance charges that may be assessed by federal thrifts, such as Ocwen, and provides an exclusive federal remedy for borrowers to recover the assessed excessive finance charges in a civil action. *Id.* § 1463(g)(1), (g)(2).

25.    State law claims against federally chartered financial institutions premised on allegations of excessive finance and other charges are completely preempted and removable to

federal court. *See Beneficial Nat'l Bank,* 539 U.S. at 11; *see also Taylor v. Wells Fargo Home Mortg., Inc.,* 2004 U.S. Dist. LEXIS 6910, at *10 (E.D. La. April 19, 2004) (upholding removal by operating subsidiary of national bank because plaintiffs' "state law claim that the 'Defendants' arbitrarily assessed 'excessive fees and charges', including late charges, to the [plaintiffs] when they redeemed their loan is preempted by federal law"); *Phipps v. Guar. Nat'l Bank of Tallahassee,* 2003 U.S. Dist. LEXIS 16984, at *13-14 (W.D. Mo. Sept. 17, 2003) (approving removal of plaintiffs' claims for unlawful "loan origination fees and loan discount fees" on complete preemption grounds).

## STATE LAW CLAIMS ASSERTED IN THE COMPLAINT NECESSARILY REQUIRE RESOLUTION OF SUBSTANTIAL FEDERAL QUESTIONS

26.     Even where a particular claim does not arise directly under federal law and is not completely preempted, it is removable to federal court if it depends on resolution of substantial predicate questions of federal law. *See Ayres v. GMC,* 234 F.3d 514, 518 (11th Cir. 2000) (upholding removal because construction of federal statute was "an essential element of the Plaintiffs' cause of action" and "resolution ... depend[ed] entirely on interpretation" of federal statute"). Plaintiff's claims depend on the determination of plaintiff's rights and defendants' duties, if any, under federal law.

27.     Plaintiff alleges that defendants failed to disclose "fees, finance charges, and/or penalties, prior to the closing of Plaintiff's loan." (Compl. ¶ 28.) The duty to disclose fees and finance charges on a settlement statement to be furnished to the borrower at or before settlement is created by the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2603. Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duty, if any, under RESPA.

28.    Plaintiff alleges that defendants "harass[ed] Plaintiff by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly." (Compl. ¶ 61.) The duty not to undertake "any conduct the natural consequence of which is to harass, oppress, or abuse," including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," is created by the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692e(4). Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duty, if any, under the FDCPA.

29.    In these and other respects, the claims asserted in plaintiff's complaint necessitate the resolution of substantial, disputed questions of federal law sufficient to confer subject-matter jurisdiction on this Court. *See also, e.g., Alison v. Household Finance Corp. of Alabama*, No. 04-0254, slip op. at 4-5 (S.D. Ala. Aug. 2, 2004) (attached at Exh. 4.)

## VENUE

30.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of the State of Alabama for Shelby County, the forum in which the removed action was pending.

## NOTICE

31.    Concurrently with the filing of this Notice, Ocwen will file a copy of this Notice of Removal with the Clerk of the Shelby County Circuit Court. (*See* copy of *Notice of Filing of Notice of Removal* attached at Exh. 5.)

32.     The contents of Exhibit 1 constitute the entire file of the action in the Shelby County Circuit Court.

Dated:  September 27th, 2004

Respectfully submitted,

John E. Goodman
Benjamin M. Moncrief
Attorney for Defendant
Ocwen Federal Bank, FSB

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
(205) 521-8000
(205) 521-8800 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama  35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama  35203

Malone-Gordon Mortgage and Investments, Inc.
c/o Thomas Gordon
1529 23rd Avenue
Tuscaloosa, AL 35401

by United States mail, first class and postage prepaid, on this 27th day of September, 2004.

Of Counsel

12

```
AVS0351                                            CV 2004 000912.00

                               JUDGE: HUB B HARRINGTON

                  ALABAMA JUDICIAL DATA CENTER
                      CASE ACTION SUMMARY
                        CIRCUIT CIVIL

   IN THE CIRCUIT COURT OF SHELBY COUNTY

   SYBILE LILLY VS OCWEN FEDERAL BANK FSB ET AL
FILED: 08/05/2004 TYPE: CONTRACT/EJMNT/SEIZU TYPE TRIAL: JURY    TRACK:

************************************************************************
DATE1:             CA:              CA DATE:
DATE2:             AMT:       $.00  PAYMENT:
DATE3:
************************************************************************
PLAINTIFF  001: LILLY SYBILE

                              ATTORNEY: CALAMUSA JANE M L
                              CAL056    ROSEN COOK AND SLEDGE
             , AL  00000-0000           PO BOX 2727
             PHONE: (205)000-0000       TUSCALOOSA, AL  35403
ENTERED: 08/05/2004 ISSUED:   TYPE:     (205)344-5000
SERVED:             ANSWERED:  JUDGEMENT:

DEFENDANT  001: OCWEN FEDERAL BANK FSB
% Reg Al Corp. Svc. G.  12650 INGENUITY DRIVE  ATTORNEY:
2711 Centerville Rd. Ste 400
Wilmington DE  19809  ORLANDO, FL  32826-0000
             PHONE: (205)000-0000
ENTERED: 08/05/2004 ISSUED:   TYPE:
SERVED:             ANSWERED:  JUDGEMENT:

DEFENDANT  002: MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER, & PR
             PRIOR LLP            ATTORNEY:
             P.O. BOX 795051
Orlando , FL  32878-5051
             PHONE: (205)000-0000
ENTERED: 08/05/2004 ISSUED:   TYPE:
SERVED:             ANSWERED:  JUDGEMENT:

DEFENDANT  003: MALONE-GORDON MORTGAGE AND INVESTMENTS INC
             C/O THOMAS R GORDON  ATTORNEY:
             1529 23RD AVE
             TUSCALOOSA, AL  35401-0000
             PHONE: (205)000-0000
ENTERED: 08/05/2004 ISSUED: 08/05/2004 TYPE:    SHERIFF
SERVED:             ANSWERED:  JUDGEMENT:


   08/05/2004   FILED THIS DATE: 08/05/2004          (AV01)

   08/05/2004   ASSIGNED TO JUDGE: HUB B HARRINGTON   (AV01)

   08/05/2004   SUMMONS AND COMPLAINT FILED

   08/05/2004   SUMMONS AND COMPLAINT ISS FOR SVC BY SHERIFF TO:

   08/05/2004   MALONE-GORDON MORT AND INVESTMENTS INC........

   08/05/2004   JURY TRIAL REQUESTED                 (AV01)
```

8/23/04  (08/20/04)  Pltf's First Combined Discovery to Deft Moss, Codilis, Stawiarski,

Morris, Schneider & Prior, LLP filed. me

8/23/04  (08/20/04)  Pltf's First Combined Discovery to Deft Ocwen Federal Bank, FSB filed. me

8/23/04  (08/20/04)  Pltf's First Combined Discovery to Deft Malone-Gordon Mortgage and

IY  08/05/2004  Investments, Inc. filed. me          CV 2004 000912.00

**EXHIBIT**

1

VSO352                                                    CV 2004 000912.00
                                          JUDGE: HUB B HARRINGTON

                         ALABAMA JUDICIAL DATA CENTER
                       CASE ACTION SUMMARY CONTINUATION
                              CIRCUIT CIVIL

    IN THE CIRCUIT COURT OF    SHELBY    COUNTY

    SYBILE LILLY VS OCWEN FEDERAL BANK FSB ET AL
    FILED:  08/05/2004 TYPE:  CONTRACT/EJMNT/SEIZU TYPE TRIAL:  JURY      TRACK:
**************************************************************************
    DATE1:            CA:              CA DATE:
    DATE2:            AMT:        $.00 PAYMENT:
**************************************************************************
08/23/04  (08/20/04)  Summons filed, me
08/23/04  Summons & Complaint ISS for SVC by Cert Mail to:

          Ocwen Federal Bank, FSB .....................

          Moss, Codolis, Stiwiarski, Morris, Schneider & Prior, LLP ...............
          Malone-Gordon Mortgage & Investment, Inc ..................... me


IY   08/05/2004

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

AUG /2004
RECEIVED & FILED
MARY H. HARRIS
CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO
12345678901

| | |
|---|---|
| SYBILE LILLY § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. CV-2004-912 |
| § | |
| OCWEN FEDERAL BANK, FSB; § | |
| MOSS, CODILIS, STAWIARSKI, § | |
| MORRIS, SCHNEIDER & PRIOR, § | |
| L.L.P.; MALONE-GORDON § | |
| MORTGAGE & INVESTMENTS, INC.; § | |
| Fictitious Defendants A, B, C,...those § | |
| individuals, partnerships, corporations, § | |
| limited liability companies, or other legal § | |
| entities who are or have been mortgage § | |
| brokers, holders or servicers of the notes § | |
| and mortgages executed by the § | |
| Plaintiff or who have otherwise § | |
| attempted to collect the fees, finance § | |
| charges, and other penalties from § | |
| Plaintiff, § | |
| § | |
| DEFENDANTS. § | |

## PLAINTIFF'S FIRST COMBINED DISCOVERY
## TO DEFENDANT MALONE-GORDON MORTGAGE AND INVESTMENTS, INC.

Comes now the Plaintiff, Sybile Lilly ("Plaintiff"), and requests Defendant Malone-Gordon

Mortgage and Investments, Inc. ("Malone-Gordon") to respond to the following interrogatories and

requests for production:

"Document" as herein used means the original, or if the original is not available, a copy thereof, of any written, recorded or graphic matter and all nonidentical copies thereof, however produced or reproduced, and includes, without limitation, all papers, books, drafts, letters, tangible things, computer files or electronically stored data or information, correspondence, email, notes, memoranda, contracts, records, invoices, bills or receipts, photographs, videotapes, audio or cassette tapes, sketches, drawings, statements, reports, telegrams, cables, telex message, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, summaries, opinions, studies, analysis, evaluations, charts, computer

readable media, machine sensible, electronic, magnetic, or any other form of stored information including, but not limited to, computer memory, hard disks, floppy disks, compact disks, magnetic tapes, optical media, magneto-optical media, and any other documents in your possession, custody or control or known by you to exist.

"Identify" or "Identity" as herein used with respect to an individual means to state his or her name and last known address. With respect to an entity other than an individual, "Identify" or "Identity" means to state the legal name of the entity, the address of its principal place of business, and the place of creation or organization (i.e., a Delaware corporation, an Alabama LLC, etc.).

"Ocwen" means Defendant Ocwen Federal Bank, FSB.

1.    Produce any and all Documents referencing, referring to, or relating to Plaintiff including, but not limited to, Plaintiff's closing file.

2.    Produce any and all Documents referencing, referring to, or relating to any correspondence between Malone-Gordon and any holder of Plaintiff's mortgage or servicers of said mortgage and for each instance of correspondence state:

        a.    The date of such correspondence

        b.    The reason for such correspondence

3.    Produce any and all Documents referencing, referring to, or relating to any correspondence between Malone-Gordon and Ocwen and for each instance of correspondence state:

        a.    The date of such correspondence

        b.    The reason for such correspondence

4.    Identify each employee or independent contractor of Malone-Gordon having any contact with Plaintiff before, during, or after the closing of the loan made the subject of Plaintiff's Complaint.

5.    Identify each past and present holder of Plaintiff's note and/or mortgage.

6.    Produce any and all Documents referencing, referring to, or relating to the existence and contents of any insurance agreement under which any person carrying on an insurance business

may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify

or reimburse for payments made to satisfy any such judgment.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358


**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

AUG 2004
RECEIVED & FILED
MARY H. HARRIS
CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004-912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,...those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies, or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S FIRST COMBINED DISCOVERY
## TO DEFENDANT OCWEN FEDERAL BANK, FSB

Comes now the Plaintiff, Sybile Lilly ("Plaintiff"), and requests Defendant Ocwen Federal

Bank, FSB ("Ocwen") to respond to the following interrogatories and requests for production:

"Document" as herein used means the original, or if the original is not available, a copy thereof, of any written, recorded or graphic matter and all nonidentical copies thereof, however produced or reproduced, and includes, without limitation, all papers, books, drafts, letters, tangible things, computer files or electronically stored data or information, correspondence, email, notes, memoranda, contracts, records, invoices, bills or receipts, photographs, videotapes, audio or cassette tapes, sketches, drawings, statements, reports, telegrams, cables, telex message, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, summaries, opinions, studies, analysis, evaluations, charts, computer readable media, machine sensible, electronic, magnetic, or any other form of stored information including, but not limited to, computer memory, hard disks, floppy disks,

compact disks, magnetic tapes, optical media, magneto-optical media, and any other documents in your possession, custody or control or known by you to exist.

"Identify" or "Identity" as herein used with respect to an individual means to state his or her name and last known address. With respect to an entity other than an individual, "Identify" or "Identity" means to state the legal name of the entity, the address of its principal place of business, and the place of creation or organization (i.e., a Delaware corporation, an Alabama LLC, etc.).

1. Produce any and all Documents referencing, referring to, or relating to Plaintiff including, but not limited to Plaintiff's loan file, payment receipts, comments log, history log, printouts from all computer systems, and recordings of conversations with Plaintiff.

2. Identify who currently holds Plaintiff's note and/or mortgage and state the date that the individual or entity first held Plaintiff's note and/or mortgage.

3. Identify all individuals or entities who have held Plaintiff's note and/or mortgage and the dates during which each individual or entity held Plaintiff's note and/or mortgage.

4. Produce the servicing agreement between Ocwen and each individual or entity who has ever held Plaintiff's note and/or mortgage.

5. State how Ocwen is compensated for servicing Plaintiff's loan including the rate of compensation, frequency of compensation, and all other funds received by Ocwen as a result of servicing Plaintiff's loan.

6. List each and every fee, finance charge, or penalty charged to Plaintiff and for each state:

    a. The amount of such fee, finance charge, or penalty

    b. The date such fee, finance charge, or penalty was charged

    c. The reason for such fee, finance charge, or penalty

7. Produce all Documents referencing, referring to, or relating to every fee, finance charge, or penalty referenced in the preceding Request.

8.    Did Ocwen ever enter into a forbearance agreement with Plaintiff? If so, state:

   a.    The date of such agreement

   b.    The terms of such agreement

   c.    The amount of any fees charged for such agreement

9.    Produce all Documents referencing, referring to, or relating to any forbearance agreement referenced in the preceding Request including, but not limited to, each forbearance agreement entered into with Plaintiff.

10.    Did Ocwen ever charge Plaintiff a fee for sending a notice of default to her? If so, state:

   a.    The date of such notice

   b.    The date of such charge

   c.    The amount of any fees charged for such notice

11.    Produce all Documents referencing, referring to, or relating to any notice of default referenced in the preceding Request including, but not limited to, each notice of default sent to Plaintiff.

12.    Did Ocwen ever force place insurance on Plaintiff? If so, state:

   a.    The date of such force placed insurance

   b.    The amount of such force placed insurance

   c.    The Identity of the insurer

13.    Produce all Documents referencing, referring to, or relating to each and every policy of insurance purchased by Ocwen on Plaintiff's property including, but not limited to, the insurance policy and declarations.

a.    State the commission earned by Ocwen for placing or purchasing such insurance.

b.    Identify the agent(s) from or through whom such policies were purchased

14.    Did Ocwen make any representations to third parties, including but not limited to credit reporting agencies, regarding the status, balance, or payment history of Plaintiff's loan? If so, state:

a.    The date of such representation

b.    The substance of such representation

c.    The Identity of the individual or entity to whom such representation was made

15.    Produce all Documents referencing, referring to, or relating to any representation referenced in the preceding Request.

16.    Did Ocwen ever charge Plaintiff any fees, finance charges, or penalties relating to foreclosure proceedings? If so, state:

a.    The amount of such fee

b.    The date any such fee was charged

c.    The reason for such fees

17.    Produce any and all Documents referencing, referring to, or relating to the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

18.    Identify each and every individual, including, but not limited to, current and former Ocwen employees, who may have any personal knowledge of Ocwen's dealings with the Plaintiff or

the Plaintiff's loan made the subject of the Complaint and state whether such individual is a current

Ocwen employee.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:  (205) 758-8358


**PLEASE SERVE WITH SUMMONS COMPAINT**

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

AUG 2004

RECEIVED & FILED
MARY H. HARRIS
CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004-912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,...those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies, or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S FIRST COMBINED DISCOVERY
## TO DEFENDANT MOSS, CODILIS, STAWIARSKI,
## MORRIS, SCHNEIDER & PRIOR, LLP

Comes now the Plaintiff, Sybile Lilly ("Plaintiff"), and requests Defendant Moss, Codilis,

Stawiarski, Morris, Schneider & Prior, L.L.P. ("Moss, Codilis") to respond to the following

interrogatories and requests for production:

"Document" as herein used means the original, or if the original is not available, a
copy thereof, of any written, recorded or graphic matter and all nonidentical copies
thereof, however produced or reproduced, and includes, without limitation, all
papers, books, drafts, letters, tangible things, computer files or electronically stored
data or information, correspondence, email, notes, memoranda, contracts, records,
invoices, bills or receipts, photographs, videotapes, audio or cassette tapes, sketches,
drawings, statements, reports, telegrams, cables, telex message, memoranda, notes,
notations, work papers, transcripts, minutes, reports, records of telephone or other

conversations, summaries, opinions, studies, analysis, evaluations, charts, computer readable media, machine sensible, electronic, magnetic, or any other form of stored information including, but not limited to, computer memory, hard disks, floppy disks, compact disks, magnetic tapes, optical media, magneto-optical media, and any other documents in your possession, custody or control or known by you to exist.

"Identify" or "Identity" as herein used with respect to an individual means to state his or her name and last known address. With respect to an entity other than an individual, "Identify" or "Identity" means to state the legal name of the entity, the address of its principal place of business, and the place of creation or organization (i.e., a Delaware corporation, an Alabama LLC, etc.).

"Ocwen" means Defendant Ocwen Federal Bank, FSB.

1.      Produce any and all Documents referencing, referring to, or relating to Plaintiff.

2.      Produce any and all Documents referencing, referring to, or relating to any correspondence Moss, Codilis has sent or received from Plaintiff including, but not limited to, notices of default and letters regarding foreclosure or forbearance agreements.

3.      Produce any and all Documents referencing, referring to, or relating to any correspondence Moss, Codilis has had regarding the Plaintiff with any other person or entity and for each instance of correspondence state:

        a.      The approximate date of such correspondence

        b.      To whom such correspondence was directed

        c.      The reason for such correspondence.

4.      State the nature of the relationship between Moss, Codilis and Ocwen.

5.      Produce any and all Documents referencing, referring to, or relating to the relationship referenced in the preceding Request.

6.      State the total number of notices of default sent to Ocwen customers per year for the last 10 years.

7.    State the total dollar amount paid to Moss, Codilis by Ocwen each year for the past 10 years.

8.    List each and every office location of Moss, Codilis within the past 10 years.

9.    State whether any office location of Moss, Codilis within the past 10 years was contained within, adjoined to, or adjacent to any business location of Ocwen.

10.    Identify each employee of Moss, Codilis for the past 10 years and for each, state:

a.    The past and present titles and positions of the employee and the accompanying dates of each

b.    The past and present office locations of the employee and the accompanying dates of each

11.    Has Moss, Codilis ever had any state bar complaint or grievance filed against it?  If so, state:

a.    The Identity of the individual or entity filing said complaint or grievance

b.    The state in which said complaint or grievance was filed

c.    When said complaint or grievance was filed.

12.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

13.    Has Moss, Codilis ever been charged by an individual or entity with a violation of the Fair Debt Collection Practices Act?  If so, state:

a.    The Identity of the individual or entity making such charge

b.    When

c.    Where

14.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

15.    Has Moss, Codilis ever been investigated by any agency or other entity which governs the actions of Moss, Codilis?  If so, state:

      a.    The Identity of the agency or other entity making such investigation

      b.    When

16.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

17.    Identify every partner of Moss, Codilis and for each partner, state:

      a.    The partnership type (general or limited)

      b.    The share of the partnership held by the partner

      c.    When such partner became a partner

18.    Produce any and all Documents referencing, referring to, or relating to the partnership structure referenced in the preceding Request.

19.    Identify the primary attorney employed by Moss, Codilis responsible for representing Ocwen.

20.    Produce any and all Documents referencing, referring to, or relating to the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

RECEIVED AND FILED
MARY H. HARRIS

AUG 2 0 2004

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004-912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,…those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies,  or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

## SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

**Ocwen Federal Bank, FSB**
**c/o Registered Agent Corporation Service Company**
**2711 Centerville Road, Suite 400**
**Wilmington, Deleware  19808**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other things demanded in the Complaint. You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2004.


_____     [_____]
Clerk                             Deputy Clerk
                                  Initials


RETURN OF SERVICE:

[ ]    Certified·Mail return receipt received in this office on the _____ day of _____, 2004. (Return receipt hereto attached).



RECEIVED AND FILED
MARY H. HARRIS

AUG 2 0 2004

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004-912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,...those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies, or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

## SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

**Malone-Gordon Mortgage and Investments, Inc.**
**c/o Thomas R. Gordon**
**1529 – 23rd Avenue**
**Tuscaloosa, Alabama 35401**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other things demanded in the Complaint.  You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2004.

_____     [_____]
Clerk                                                      Deputy Clerk
                                                              Initials

RETURN OF SERVICE:

[ ]     Certified Mail return receipt received in this office on the _____ day of _____, 2004.  (Return receipt hereto attached).



## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

RECEIVED AND FILED
MARY H. HARRIS

AUG 2 0 2004

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004-912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,...those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies,  or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

### SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

> **Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P.**
> **Post Office Box 785051**
> **Orlando, Florida  32878-5051**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other things demanded in the Complaint.  You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2004.


_____    [_____]
Clerk                                                            Deputy Clerk
                                                                     Initials


RETURN OF SERVICE:

[ ]    Certified Mail return receipt received in this office on the _____ day of
_____, 2004.  (Return receipt hereto attached).



VS0500

ALABAMA JUDICIAL DATA CENTER
IN THE CIRCUIT COURT OF SHELBY     COUNTY


SYBILE LILLY VS OCWEN FEDERAL BANK ESB ET AL


CALAMUSA JANE M L                    CASE NUMBER: CV 2004 000912 00
ROSEN COOK AND SLEDGE                PARTY NUMBER:C001
PO BOX 2727
TUSCALOOSA  AL  35403


PLEASE SUBMIT THE CERTIFIED MAIL SET UP AND ENVELOPE FOR THE ABOVE
STYLED CASE. WHEN WE RECEIVE THE CERT MAIL SET UP WE CAN PROCESS
YOUR FILING.

THANK YOU
T YOUNG

For the 2 defendants service going out
of state.

ISSUED ON: 08/05/2004   CLERK: MARY H. HARRIS
                              P.O. BOX 1810
                              COLUMBIANA  AL  35051
                              (205)669-3760

(08/05/2004)  TIY

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004- 912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,...those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies, or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

## COMPLAINT

1.     Plaintiff Sybile Lilly ("Plaintiff") is an individual over the age of 19 and resident of Shelby County, Alabama.

2.     Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in Shelby County, Alabama.

3.     Defendant Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P. ("Moss, Codilis"), is believed to be a limited liability partnership doing business in Alabama.

4.     Defendant Malone-Gordon Mortgage and Investments, Inc. ("Malone-Gordon") is an Alabama corporation doing business in Shelby County, Alabama.

5.    Fictitious Defendants A, B, C, . . . are those individuals, partnerships, corporations, limited liability companies, or other legal entities who are or have been mortgage brokers, holders or servicers of the notes and mortgages executed by the Plaintiff or who have otherwise attempted to collect the fees, finance charges, and other penalties as more fully discussed below.

6.    Named and Fictitious Defendants are hereafter known collectively as "Defendants".

## FACTS

7.    Plaintiff executed a Note and Mortgage on Plaintiff's property located in Shelby County, Alabama.

8.    Malone-Gordon originated and closed the mortgage transaction.

9.    The Note and Mortgage were serviced and/or held by one or more Defendants.

10.    The servicing rights to this loan were transferred to one or more Defendants.

11.    Defendants improperly charged Plaintiff late fees when Plaintiff sent mortgage payments to the prior loan servicer.

12.    Defendants continued to charge Plaintiff late fees for these payments and other payments that were timely received.

13.    Defendants misapplied payments received from Plaintiff and otherwise miscalculated the amount owed by Plaintiff.

14.    Defendants improperly held payments received from Plaintiff until said payments were past due.

15.    Defendants improperly returned payments made by Plaintiff, causing Plaintiff's payments to be past due.

16.    Defendants improperly charged Plaintiff unidentified fees and penalties.

17.    Defendants improperly charged Plaintiff certain fees, finance charges, and penalties relating to foreclosure proceedings.

18.    As a result of being improperly charged certain fees and penalties, Defendants' misapplication of funds, and Defendants' miscalculation of amounts owed, Plaintiff was forced to enter into one or more forbearance agreements.

19.    Defendants charged excessive fees relating to these forbearance agreements.

20.    Defendants charged excessive fees relating to notices of default.

21.    Defendants improperly began foreclosure proceedings on Plaintiff's home as a result of Plaintiff's inability to pay the excessive fees and penalties charged by Defendants.

22.    Defendants charged excessive fees relating to these foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiff to keep Plaintiff's home.

23.    Defendants force-placed insurance on Plaintiff's home when Plaintiff already had appropriate coverage on the home and offered proof of same.

24.    Defendants improperly reported the status and amount of Plaintiff's loan to various credit reporting agencies.

25.    Defendants attempted to collect and did collect money from Plaintiff which was not due.

26.    Defendants provided inconsistent payoff amounts to Plaintiff, or otherwise refused to provide payoff amounts upon request.

27.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiff's loan which they had a duty to disclose.

## COUNT ONE

28.    The allegations of paragraphs 1 through 27 are incorporated herein as though set forth again in full.

29.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage.

30.    Defendants had a duty to disclose that Plaintiff would be charged these fees, finance charges, and/or penalties.

31.    As a result of Defendants' failure to disclose this information, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWO

32.    The allegations of paragraphs 1 through 31 are incorporated herein as though set forth again in full.

33.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff.

34.    Said representations were made with the intent that Plaintiff rely upon them.

35.    Plaintiff relied on said representations.

36.    Defendants benefited from Plaintiff's reliance.

37.    As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT THREE

38.    The allegations of paragraphs 1 through 37 are incorporated herein as though set forth again in full.

39.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented that they would promptly apply payments received to Plaintiff's account.

40.    Said representations were made with the intent that Plaintiff rely upon them.

41.    Plaintiff relied on said representations.

42.    Defendants benefited from Plaintiff's reliance.

43.    As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FOUR

44.    The allegations of paragraphs 1 through 43 are incorporated herein as though set forth again in full.

45.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiff pursuant to the terms of Plaintiff's note and mortgage.

46.    As a result of not being made aware of such suppressed material facts, Plaintiff entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

47.    Defendants benefited from Plaintiff's reliance.

48.    As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FIVE

49.    The allegations of paragraphs 1 through 48 are incorporated herein as though set forth again in full.

50.    A contract existed between Plaintiff and Defendants.

51.    Defendants breached their agreement with Plaintiff.

52.    As a result of said breach, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT SIX

53.    The allegations of paragraphs 1 through 52 are incorporated herein as though set forth again in full.

54.    Defendants were negligent in the handling of Plaintiff's loan.

55.    As a result of said negligence, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT SEVEN

56.    The allegations of paragraphs 1 through 55 are incorporated herein as though set forth again in full.

57.    Defendants were wanton in the handling of Plaintiff's loan.

58.    As a result of said wantonness, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT EIGHT

59.    The allegations of paragraphs 1 through 58 are incorporated herein as though set forth again in full.

60.    Defendants intentionally inflicted emotional distress upon Plaintiff by threatening to foreclose on Plaintiff's property for failure to pay fees and charges which Defendants had no right to collect and thus had no right to foreclose, and otherwise made representations of foreclosure when they had no right to affect Plaintiff's ownership in the property.

61.    Defendants intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly.

- 7 -

62.    Such conduct was outrageous and in contravention of good conduct and good faith and should thus be deemed repugnant by our society.

63.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT NINE

64.    The allegations of paragraphs 1 through 63 are incorporated herein as though set forth again in full.

65.    The Defendants have converted to their own use the monies as paid by Plaintiff, said monies being the property of Plaintiff.

66.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TEN

67.    The allegations of paragraphs 1 through 66 are incorporated herein as though set forth again in full.

68.    The Defendants owe Plaintiff for money paid by Plaintiff to the Defendants by mistake.

69.    As a result of said payments, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT ELEVEN

70.    The allegations of paragraphs 1 through 69 are incorporated herein as though set forth again in full.

71.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties.

72.    This information was false and defamatory.

73.    As a result, Plaintiff was unable to refinance or were otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWELVE

74.    The allegations of paragraphs 1 through 73 are incorporated herein as though set forth again in full.

75.    Defendants conspired with each other to commit the wrongs alleged herein.

76.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

**Plaintiff's Address:**

Ms. Sybile Lilly
70 Dana Drive
Montevallo, Alabama  35115

**Defendants' Addresses:**

Ocwen Federal Bank, FSB
12650 Ingenuity Drive
Orlando, Florida 32826

Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P.
P.O. Box 785051
Orlando, Florida 32878-5051

Malone-Gordon Mortgage and Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama  35401

CV 04-912

State of Alabama
Unified Judicial System

Form ARCivP-93    Rev. 5/99

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number

| G | V | | | | | | | | | | . | |

Date of Filing:

Month   Day   Year

Judge Code:

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___SHELBY COUNTY___, ALABAMA
(Name of County)

___SYBILE LILLY___    v. ___OCWEN FEDERAL BANK, FSB, et al.___
Plaintiff                    Defendant

First Plaintiff  [ ] Business  [X] Individual    First Defendant  [X] Business  [ ] Individual
[ ] Government  [ ] Other                        [ ] Government  [ ] Other

## NATURE OF SUIT:   Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
[ ] WDEA - Wrongful Death
[ ] TONG - Negligence: General
[ ] TOMV - Negligence: Motor Vehicle
[ ] TOWA - Wantonness
[ ] TOPL - Product Liability/AEMLD
[ ] TOMM - Malpractice-Medical
[ ] TOLM - Malpractice-Legal
[ ] TOOM - Malpractice-Other
[ ] TBFM - Fraud/Bad Faith/Misrepresentation
[ ] TOXX - Other:_____

**TORTS: PROPERTY INJURY**
[ ] TOPE - Personal Property
[ ] TORE - Real Property

**OTHER CIVIL FILINGS**
[ ] ABAN - Abandoned Automobile
[ ] ACCT - Account & Nonmortgage
[ ] APAA - Administrative Agency Appeal
[ ] ADPA - Administrative Procedure Act
[ ] ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
[ ] MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
            Enforcement of Agency Subpoena/Petition to Preserve
[ ] CVRT - Civil Rights
[ ] COND - Condemnation/Eminent Domain/Right-of-Way
[ ] CTMP - Contempt of Court
[X] CONT - Contract/Ejectment/Writ of Seizure
[ ] TOCN - Conversion
[ ] EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
            Election Contest/Quiet Title/Sale For Division
[ ] CVUD - Eviction Appeal/Unlawful Detainer
[ ] FORJ - Foreign Judgment
[ ] FORF - Fruits of Crime Forfeiture
[ ] MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
[ ] PFAB - Protection From Abuse
[ ] FELA - Railroad/Seaman (FELA)
[ ] RPRO - Real Property
[ ] WTEG - Will/Trust/Estate/Guardianship/Conservatorship
[ ] COMP - Workers' Compensation
[ ] CVXX - Miscellanous Circuit Civil Case

RECEIVED AND FI
MARY H. HARR

AUG 05 2004

CIRCUIT & DISTRIC
COURT CLERK
SHELBY CO.

## ORIGIN (check one):
F [X] INITIAL FILING    A [ ] APPEAL FROM DISTRICT COURT    O [ ] OTHER:
R [ ] REMANDED          T [ ] TRANSFERRED FROM OTHER CIRCUIT COURT

## HAS JURY TRIAL BEEN DEMANDED?    [X] YES  [ ] NO
Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

## RELIEF REQUESTED:    [X] MONETARY AWARD REQUESTED    [ ] NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
| C | A | L | 0 | 5 | 6 |

___August 4, 2004___
Date

Signature of Attorney/Party filing this form    Jane L. Calamusa

## MEDIATION REQUESTED:    [ ] YES  [X] NO  [ ] UNDECIDED

UNITED STATES DISTRICT COURT
FOR THE ~~MIDDLE~~ DISTRICT OF ALABAMA
~~NORTHERN~~ DIVISION

SYBILE LILLY,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )          Civil Action No. _____
                                       )
OCWEN FEDERAL BANK FSB;                )
MOSS, CODILIS, STAWIARSKI,             )
MORRIS, SCHNEIDER, & PRIOR,            )
L.L.P.; Fictitious Defendants A, B, C, ... )
Those individuals, partnerships,       )
corporations, limited liability companies, )
or other legal entities who are or have )
been mortgage brokers, holders or      )
servicers of the notes and mortgages   )
executed by the Plaintiff, or who have )
otherwise attempted to collect the fees, )
finance charges, and other penalties   )
from Plaintiff,                        )
                                       )
          Defendants.                  )
_____      )

## NOTICE OF CITIZENSHIP AND CONSENT TO REMOVAL

COMES NOW Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P. ("Moss Codilis") and, by and through undersigned counsel, hereby expressly consents to the removal of this action by defendant Ocwen Federal Bank FSB to this Court from the Circuit Court of Shelby County, Alabama.

1.    Moss Codilis respectfully notifies the Court that it is a limited liability partnership organized under the laws of Colorado. The partners in Moss Codilis are lawyers and law firms organized under the laws of the various states as set forth in paragraphs 2 through 6 below (the "LLP Partners"). As explained in detail below, Moss Codilis is not a citizen of the state of Alabama.

EXHIBIT
**2**

2.      Gerald R. Moss is a partner in the LLP. He is a citizen of the state of California.

3.      Codilis & Stawiarski, P.C. ("Codilis") is a partner in the LLP. Codilis is a professional corporation organized under the laws of Colorado with its principal place of business at 6560 Greenwood Plaza Blvd., Suite 525, Englewood, CO 80111. Codilis is a citizen of the state of Colorado.

4.      Morris, Schneider & Prior, LLC ("Morris") is a partner in the LLP. Morris is a limited liability corporation organized under the laws of Georgia with its principal place of business at 2781 Windy Ridge Parkway, Atlanta, GA 30339. The members of Morris are Arthur J. Morris, Randall Schneider and Thomas E. Prior, each of whom is a citizen of the state of Georgia.

5.      Fein, Such, Kahn & Shepard P.C. ("Fein") is a partner in the LLP. Fein is a professional corporation organized under the laws of New Jersey with its principal place of business at 7 Century Drive, Suite 201, Parsippany, NJ 07054. Fein is a citizen of the state of New Jersey.

6.      Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") is a partner in the LLP. Weltman is a legal professional association organized under the laws of Ohio with offices in Ohio, Pennsylvania, and Michigan. The partners of Weltman are: Theresa A. Fortuna, Terrence R. Heffernan, Alan C. Hochheiser, Donald A. Mausar, Charles G. Pona, Allen J. Reis, Larry R. Rothenberg, Robert W. Rutkowski, Stephen A. Santangelo, Rosemary Taft-Milby, Frank J. Veneziano, Alan H. Weinberg, Robert B. Weltman, and Scott S. Weltman, each of whom is a citizen of the state of Ohio; John S. Pucin, a citizen of the state of Illinois; Daniel E. Best, a citizen of Michigan; and James P. Valecko, a citizen of the state of Pennsylvania.

7.     The LLP Partners listed above represent all of the partners in the LLP.  Moss
Codilis is not incorporated or otherwise organized under the laws of Alabama, and no partner in
Moss Codilis is a citizen of Alabama.

Dated:  _9/24/2024_                    Respectfully submitted,

                                            John N. Bolus
                                            *Counsel for Defendant*
                                            *Moss, Codilis, Stawiarski, Morris,*
                                            *Schneider & Prior, L.L.P.*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400
Birmingham, Alabama 35203
(205) 254-1000

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SYBILE LILLY,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, FSB; MOSS,<br>CODILIS, STAWIARSKI, MORRIS,<br>SCHNEIDER & PRIOR, L.L.P.; MALONE-<br>GORDON MORTGAGE & INVESTMENTS,<br>INC.; Fictitious Defendants A, B, C ... those<br>individuals, partnership, corporations, limited<br>liability companies, or other legal entities who are<br>or have been mortgage brokers, holder or<br>servicers of the notes and mortgages executed by<br>the Plaintiff, or who have otherwise attempted to<br>collect the fees, finance charges, and other<br>penalties from Plaintiff,<br><br>Defendants. | No. _____ |

## DECLARATION OF CHOMIE NEIL

I, Chomie Neil, do hereby declare under penalty of perjury that the following is true and

correct:

1.      I am currently employed by Ocwen Federal Bank FSB ("Ocwen Federal Bank")

as research specialist. I have held this position since 1999. I have reviewed the complaint in the

above-entitled action. In connection with my employment at Ocwen Federal Bank, I have

personal knowledge of the facts forth in this declaration.

EXHIBIT

3

2.      Ocwen Federal Bank is a federally chartered savings association formed under the laws of the United States.

3.      Ocwen Federal Bank's administrative offices are located in the State of Florida. The only other state in which Ocwen Federal Bank has a physical location is New Jersey.

4.      Ocwen Federal Bank's mortgage servicing centers are located in Florida.

5.      Customer mortgage payments are processed by Ocwen Federal Bank in Florida.

6.      At least 99 percent of Ocwen Federal Bank's employees are located in Florida.

7.      Ocwen Federal Bank's executive officers are located in Florida.

8.      Ocwen Federal Bank has no physical premises or employees in the state of Alabama.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 23, 2004

CHOMIE NEIL

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

CHARLES and SONYA ALISON     )
                                  )
     Plaintiffs,               )
                                  )
v.                               )     CIVIL ACTION NO. 04-0254-CG-L
                                  )
HOUSEHOLD FINANCE            )
CORPORATION OF ALABAMA     )
                                  )
     Defendant.

### ORDER

This matter is before the court on plaintiffs' motion to remand (Doc. 5), defendant's response

thereto (Doc. 8), and plaintiffs' motion for leave to amend the complaint (Doc. 10). The court finds

that plaintiffs' right to relief under state law requires resolution of a substantial question of federal law.

Therefore, the court finds that federal question jurisdiction exists in this case and that plaintiffs' motion

to remand is due to be DENIED. The court also finds that plaintiffs' motion to amend is due to be

GRANTED.

### BACKGROUND

This case arises from a mortgage loan obtained by the Alisons from Household Finance

Corporation of Alabama ("Household"). Plaintiffs entered into a mortgage agreement for a second

mortgage on their home with the principal amount of $35,000. Plaintiffs allege that Household led them

to believe that they would be entering a traditional, closed-end mortgage agreement and that plaintiffs

would make regular monthly payments for a term of fifteen years and that the loan would be paid off in

1



EXHIBIT
4

full at the end of the term. However, plaintiffs allege that the loan was actually structured a "reverse amortization" whereby the amount of the loan payments required were not sufficient to pay off the principal and accrued interest on the loan over the term of the loan unless a significant balloon payment was made at the end of the term. Plaintiffs allege they did not receive any pre-closing disclosure of terms or a good faith estimate of the costs of the financing. Plaintiffs state that Household did not disclose the amount of the balloon payment required, the applicable interest rate over the entire course of the loan, the total finance charge, the annual percentage rate, or the total amount of payments required over the course of the loan. Plaintiffs made their required payments for 24 months, paying a total of over $12,000 in payments, yet the pay-off balance as of December 2002 was $41,325.76. Plaintiffs complaint seeks compensatory and punitive damages for fraudulent suppression. Subsequent to removal, plaintiffs have moved to amend their complaint to add a federal claim.

<u>ANALYSIS</u>

A. <u>Plaintiffs' Motion to Remand</u>

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). On a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. <u>Pacheco de Perez v. AT &T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party's burden is heavy. <u>Burns, supra.</u> Plaintiffs have moved to remand based on the allegation that this court does not have federal question jurisdiction over this case because no federal claims are stated in the complaint. The court notes that plaintiffs have now sought leave to amend the complaint to add a federal claim. However, when determining whether a case was properly

2

removed to federal court, a district court may not consider amendments made after removal.    Subject

matter jurisdiction must be determined at the time of removal. Fuller v. Exxon Corp., 78 F.Supp.2d

1289, 1295 (S.D. Ala. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283

(1938)).  Thus, the court must first determine whether it has jurisdiction over the original complaint

before the court can address plaintiffs' motion to amend.

The jurisdiction conferred by Article II, Section 2 of the Constitution is codified in part in Title

28, Section 1331 of the United States Code.  "The district courts shall have original jurisdiction of all

civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

And yet, this simple jurisdictional statement "masks a welter of issues regarding the interrelation of

federal and state authority and the proper management of the federal judicial system." Franchise Tax

Board v. Constr.Laborers Vacation Trust, 463 U.S. 1, 8 (1983).

It is a well-settled rule that the plaintiff is the master of his or her complaint.  See, e.g., Franklin

v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997); U.S. v. Jones, 125 F.3d 1418,

1428 (11th Cir. 1997); and Ariail Drug Co., Inc. v. Recomm Int. Display Inc., 122 F.3d 930, 934

(11th Cir 1997).  Notwithstanding the plaintiff's right to choose his forum, some actions filed in state

court may be removed to federal court on the basis of federal question jurisdiction.  As the Supreme

Court has noted:

> Only state-court actions that originally could have been filed in federal court
> may be removed to federal court by the defendant. Absent diversity of citizenship,
> federal-question jurisdiction is required. The presence or absence of federal-question
> jurisdiction is governed by the "well-pleaded complaint rule," which provides that
> federal jurisdiction exists only when a federal question is presented on the face of
> plaintiff's properly pleaded complaint. See Gully v. First Nat'l Bank, 299 U.S. 109,
> 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the

3

master of the claim; he or she may avoid federal jurisdiction by **exclusive reliance** on state law.

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added).

The Supreme Court has stated that a cause of action arises under federal law in one of three ways. The most common circumstance is where federal law "creates that cause of action." Franchise Tax Board, supra, 463 U.S. at 8-9, quoting Justice Holmes in American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916). Plaintiffs' fraudulent suppression claim, though dependent upon federal statutes, was clearly not created by federal statutes and therefore this rule does not apply to the facts of the instant case.

A cause of action may also arise where plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." Id. at 13. It is clear that plaintiffs' cause of action requires resolution of a substantial question of federal law, namely whether defendants' conduct amounted to a violation of the Truth-in-Lending Act, 15 U.S.C. §§ 1601 et seq. (TILA). Plaintiffs could not prevail on this claim without proving a violation of this federal statute, and therefore, the court finds that plaintiffs' right to relief under the alleged state-law cause of action requires resolution of a substantial question of federal law. The court finds that it would have had original jurisdiction over this claim had it been filed in federal court, and that therefore removal was proper.

The court notes the recent decision of Hill v. BellSouth Telecomms., Inc., 364 F.3d 1308 (11th Cir. 2004) wherein the Court held that a substantial question of federal law was involved because the plaintiff's state law claims merely implicated a federal judicial doctrine, stating "[w]e conclude that federal question jurisdiction should have attached to Hill's two remaining state-law causes of action

4

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

SYBILE LILLY,                          )
                                       )
    Plaintiff,               )
                                       )
v.                                     )        CIVIL ACTION NO.
                                       )        CV-04-912
OCWEN FEDERAL BANK, FSB; MOSS,         )
CODILIS, STAWIARSKI, MORRIS,           )
SCHNEIDER & PRIOR, L.L.P.;             )
MALONE-GORDON MORTGAGE &               )
INVESTMENTS, INC.                      )
                                       )
    Defendants.              )

### NOTICE OF FILING NOTICE OF REMOVAL

Notice is hereby given that the above-styled action has been removed to the United States District Court for the Northern District of Alabama, Southern Division. A copy of the said Notice of Removal to that court is appended hereto.

Submitted this 27th day of September, 2004

John E. Goodman
Benjamin M. Moncrief
Attorney for Defendant
Ocwen Federal Bank, FSB

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
(205) 521-8000
(205) 521-8800 (fax)



EXHIBIT
5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama 35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203

Malone-Gordon Mortgage & Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama 35401

by United States mail, first class and postage prepaid, on this 27th day of September, 2004.

Of Counsel



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

SYBILE LILLY,                      §
                                   §
        PLAINTIFF,                 §
                                   §
VS.                                §        CIVIL ACTION NO. 04-J-2829-S
                                   §
OCWEN FEDERAL BANK, FSB,           §
et al.,                            §
                                   §
        DEFENDANTS.                §

## MOTION TO REMAND

COMES NOW the Plaintiff, Sybile Lilly (hereinafter "Plaintiff"), and respectfully requests this Court to remand the above-styled cause of action back to the Circuit Court of Shelby County, Alabama, pursuant to 28 U.S.C. § 1447. As grounds for this request the Plaintiff states that this District Court lacks subject matter jurisdiction over the present controversy because complete diversity does not exist and the amount in controversy does not exceed $75,000. Further, federal question jurisdiction does not exist, the Plaintiff's claims are not preempted by federal law and the adjudication of the Plaintiff's claims does not require the resolution of any substantial question of federal law.

## FACTS

1.      The instant action was filed in the Circuit Court of the State of Alabama for Shelby County on August 5, 2004. (See Complaint, a true, correct, and authentic copy of which is attached hereto as Exhibit "A").

2.      The Plaintiff is an individual over the age of 19, is a resident of Shelby County, Alabama, and is a citizen of the State of Alabama. (Complaint, Exhibit "A").

3.    The following Defendants were specifically named in the Plaintiff's original
Complaint:

      (a)  Malone-Gordon Mortgage & Investments, Inc. (hereinafter "Malone-Gordon");

      (b)  Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P. (herinafter "Moss
         Codilis"); and

      (c)  Ocwen Federal Bank, FSB (hereinafter "Ocwen").

(Complaint, Exhibit A).

4.    Malone-Gordon is a corporation doing business in Alabama and is an Alabama
corporation.  (Complaint, Exhibit "A").

5.    Moss Codilis is a limited liability partnership and is a citizen of several states other
than the State of Alabama.  (Notice of Removal).

6.    Ocwen is a "federally chartered thrift" and is a citizen of the State of Florida.  (Notice
of Removal).

7.    Ocwen removed this case on September 27, 2004.  (Notice of Removal).

**STANDARD**

"Federal courts are courts of limited jurisdiction" and "only have the power to hear cases that
they have been authorized to hear by the Constitution or the Congress of the United States."
Newman v. Spectrum Stores, Inc., 109 F.Supp. 2d 1342, 1344-5 (M.D. Ala. 2000) (citations
omitted).  "On a motion to remand, the removing party bears the burden of showing that the federal
court has jurisdiction to decide the matter."  Clark Const. Group v. Hellmuth, Obata & Kassabaum,
Inc., 286 F.Supp. 2d 1348, 1349 (M.D. Fla. 2003).  Consequently, "the Eleventh Circuit favors
remand of removed cases where federal jurisdiction is not absolutely clear."  Love v. Fortis Benefits
Ins. Co., 120 F.Supp.2d 997, 1000 (M.D. Ala. 2000).  "It is well established that removal statutes are
to be strictly construed against removal." Miles v. Kilgore, 928 F.Supp 1071, 1075 (N.D.Ala. 1996).

## ARGUMENT

The Plaintiff in the present action filed a Complaint in Shelby County, Alabama, asserting claims actionable under Alabama statutory and common laws against several Defendants, including a citizen of the State of Alabama. (Complaint, Exhibit "A"). More specifically, the Plaintiff has pled the following causes of action: fraud, suppression, negligence wantonness, intentional infliction of emotional distress, reimbursement for money paid, defamation, and conspiracy. (Complaint, Exhibit "A"). The foregoing causes of action are clearly grounded in state law.

Nevertheless, Ocwen has represented to this Court that the present action should be removed to this District Court on both diversity jurisdiction and federal question jurisdiction grounds. (Notice of Removal).

The Plaintiff will show, however, that this Court lacks subject matter jurisdiction over the present controversy on any of the grounds asserted by Ocwen in its Notice of Removal. (Notice of Removal). The Plaintiff therefore requests that this Court grant her Motion to Remand.

I.    THIS COURT LACKS DIVERSITY JURISDICTION OVER THIS MATTER.

A.    **Diversity jurisdiction cannot be established in the present action because the Plaintiff and a named Defendant are both citizens of the State of Alabama.**

The Plaintiff in the instant action is a resident of Shelby County, Alabama, and is a citizen of the State of Alabama for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Malone-Gordon, a Defendant in the present matter, is also an Alabama resident. (Complaint). Nevertheless, Ocwen alleges that diversity jurisdiction exists because Malone-Gordon was not served at the time of removal and because Malone-Gordon "has been fraudulently joined in this action." (Notice of Removal).

3

1.    **Unserved defendants are considered for diversity purposes.**

Ocwen states in its Notice of Removal that unserved defendants are not to be considered for diversity purposes. This is simply untrue. Alabama district courts have consistently held that the citizenship of unserved defendants is to be considered for removal purposes. Everett v. MTD Products, Inc., 947 F.Supp. 441, 443-44 (N.D.Ala. 1996); Partin v. Cableview, Inc., 948 F.Supp.1046, 1048 (S.D.Ala. 1996); Burke v. Humana Ins. Co., 932 F.Supp.274, 275 (M.D.Ala. 1996); Beritiech v. Metropolitan Life Ins. Co., 881 F.Supp. 557, 560 (S.D.Ala. 1995); Roberts v. Webster, 1995 WL 908688, *4 (N.D.Ala. July 10, 1995); see also Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."). Thus, even though Malone-Gordon had not been served at the time of removal, its citizenship is still considered for purposes of removal. Since Malone-Gordon is considered a resident of Alabama, complete diversity does not exist and, therefore, this Court lacks diversity jurisdiction over this matter.

2.    **Defendant Malone-Gordon has not been fraudulently joined in this matter.**

Ocwen claims that Malone-Gordon, an Alabama citizen, was fraudulently joined in this action. A defendant alleging fraudulent joinder has the burden of proving that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into state court." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheco de Perez, 139 F.3d at 1380. The district court is to evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainty about applicable law in favor of the plaintiff. Id.

Ocwen has alleged that the Plaintiff has fraudulently joined Defendant Malone-Gordon in this matter in order to defeat diversity jurisdiction. It states that the longest statute of limitations applicable to the Plaintiff's claim is six years (for breach of contract) and, as a result, there is no possibility that the Plaintiff can prove a cause of action against Malone-Gordon. In reaching such a conclusion, however, Ocwen has ignored the tolling provision for fraud, the Plaintiff's allegations of conspiracy, and the proper statute of limitations for breach of contract.

First, the Plaintiff has alleged that the Defendants engaged in fraud with respect to her loan. Under Alabama law, an aggrieved party has two years from the date of the discovery of the fraud to bring an action for fraud. Ala. Code § 6-2-3. Thus, the statute of limitations is tolled until the discovery of the fraud.

In addition, the Plaintiff has alleged a conspiracy amongst the defendants to wrongfully obtain monies from the Plaintiff. "Any defendant who participates in a civil conspiracy is liable for the damages sustained by the plaintiff as a result of the conspiracy, regardless of whether the defendant profited from the conspiracy." APJI 43.02; see also Buford v. State of Alabama, 2004 WL 595332, at * 4 (Ala.Crim.App. Mar. 26, 2004) (stating that conspirators "are each responsible, civilly and criminally, for everything which may consequently and subsequently result . . . .") (citations omitted); Eidson v. Olin Corp., 527 So.2d 1283, 1287 n.1 (Ala. 1988) ("This liability of each member of a conspiracy for the damage resulting therefrom exists whether or not the conspirator profited from the result of the conspiracy.") (citations omitted). Thus, Malone-Gordon is potentially liable for the acts of any of the other Defendants.

The appropriate statute of limitations for a breach of contract under seal is ten years. Ala. Code § 6-2-33. The loan documents signed by the Plaintiff, like most loan documents relating to real property, are signed under seal. The loan documents were executed on August 21, 1997. (See

Mortgage, a true, correct, and authentic copy of which is attached hereto as Exhibit "B"). Thus, the Plaintiff's Complaint was filed well within this ten year limitations period.

Because the Plaintiff states a colorable claim against Malone-Gordon, Malone-Gordon has not been fraudulently joined and is properly considered for the purposes of diversity jurisdiction. Therefore, Plaintiff's Motion for Remand is due to be granted.

**B.    The damages claimed by the Plaintiff fall below $75,000.00.**

When a plaintiff seeks an indeterminate amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a *preponderance of the evidence* that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (emphasis added).

Ocwen lists the verdicts in a number of other Alabama cases alleging different types of fraud and intentional infliction of emotional distress which were well above the $75,000.00 jurisdictional limit for this Court. The specific facts of these cases were not made available to the Plaintiff or this Court. Thus, it is unclear whether the claims asserted in these actions were substantially similar to those asserted in the Plaintiff's complaint or that a similar outcome is possible in the present case. However, Ocwen bears the burden of showing that the Plaintiff's claim meets the jurisdictional minimum by a preponderance of the evidence, which it has not done and cannot do. "[M]ere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the defendant's] assertion [that the amount in controversy is in excess of $75,000.00]." Federated, 329 F.3d at 809.

Interestingly, Ocwen directs the Court's attention to a similar case filed against Ocwen by the same counsel representing the Plaintiff in this action in which counsel for the plaintiff submitted a petition for attorney's fees totaling over $200,000.00. After years of discovery battles in which

6

Ocwen repeatedly refused to comply with the court's orders on such discovery, the Circuit Court of Fayette County, Alabama ordered counsel for plaintiffs in that case to submit the "attorneys' fees and expenses of Plaintiffs' counsel incurred as a result of addressing any discovery matter relating to Ocwen's failure to produce requested information." (See <u>Order</u> dated June 18, 2004, <u>Kimberly and Lee Dowdle v. Aurora Loan Services, et al.</u>, CV1999-082, in the Circuit Court of Fayette County, Alabama, a copy of which is attached hereto as Exhibit "C").[1]  The fees and expenses were submitted as ordered. Thus, the fee application submitted by plaintiff's counsel in that matter has no relevance to the present Plaintiff's claim.

The Plaintiff's "out-of-pocket" damages in this matter are currently estimated to be less than $10,000.00.  The Plaintiff is seeking to also recover damages for mental anguish in addition to punitive damages.  Ocwen cannot show by a preponderance of the evidence that the Plaintiff's claims exceed $75,000.00.  Because the amount in controversy is less than $75,000.00, the Plaintiff's Motion to Remand is due to be granted.

II.    THIS COURT LACKS FEDERAL QUESTION JURISDICTION OVER THIS MATTER.

A.    <u>Original subject matter jurisdiction cannot be established in the present case because no federal question exists.</u>

Ocwen contends that the "complaint alleges claims arising under federal law, including the federal Truth in Lending Act ("TILA") . . . and the Fair Credit Reporting Act ("FCRA") . . .", and that federal question jurisdiction therefore exists. (Notice of Removal).  However, the legal theories upon which the Plaintiff bases her claims (namely, fraud and defamation under Alabama state law) are clear on the face of the Plaintiff's complaint.  In fact, the allegations set out in each of the Plaintiff's claims track the elements required for each state law claim under Alabama law.  Plaintiff

---

[1] The court's order was subsequently quashed in conjunction with the dismissal of that action after a compromise settlement of the entire controversy.

intentionally did not plead federal causes of action in her Complaint and does not seek to recover on the basis of any federal law.

Whether a case arises under federal law is determined by the "well-pleaded" complaint rule—"a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). In other words, a case "may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th 1999) (citations omitted). Further, the federal question "must not be asserted as part of an issue that is merely collateral or incidental to a claim that is primarily based in state law." Id. Therefore, "the plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead an available federal claim." Id. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial, 539 U.S. at 6.

A case "arises under" federal law only if federal law "creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). "A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Pan Am. Petroleum Corp. v. Superior Court of the State of Delaware, 366 U.S. 656 (1961) (citations and alterations omitted). The federal right or immunity forming the basis of the claim "must be such that the claim will be supported if the federal law is

given one construction or effect and defeated if it is given another." Dunlap v. G&L Holding Group Inc., 381 F.3d 1285, 1290 (11th Cir. 2004).

    **1.   None of the rights created under the Truth-in-Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") are an essential element of any of the Plaintiff's claims.**

The Plaintiff has alleged in Count One of her Complaint that the "Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage." (Complaint, Exhibit "A"). Ocwen contends that the duty of creditors to disclose credit terms is created by the Truth-in-Lending Act ("TILA") and the Plaintiff's claim that defendant failed to disclose fees, finance charges, and penalties is a claim for a breach of duty provided by the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 1603. (Notice of Removal).

Alabama Code § 6-5-102 (1993) provides an independent state law basis for the instant causes of action. Specifically, Alabama Code § 6-5-102 states that *"[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud"* and that the "obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Ala. Code § 6-5-102 (emphasis added). "Where one person has superior knowledge of a fact and suppression of that fact will induce another person to take action that he or she otherwise would not take, the obligation to disclose is particularly compelling." Life Ins. Co. of Georgia v. Parker, 706 So.2d 1108, 1112 (Ala. 1997). Consequently, the Defendants in this matter had a duty, independent of any federal law, to disclose all material facts with respect to the subject transaction. See, e.g., Parker, 706 So.2d at 1112 (holding that insurer had a duty to disclose to insureds policy terms and details even though such terms and details were found on face of the policy where insurer had superior knowledge of subject matter).

9

As evidenced by the terms of the Plaintiff's Complaint, Count One, when read in its entirety, expressly and repeatedly alleges a failure to disclose which is actionable under the statutory and common laws of the State of Alabama. Thus, Count One of the Plaintiff's Complaint has been well-pleaded and states a viable cause of action under the statutory and common laws of the State of Alabama. The rights conferred under TILA and RESPA do not constitute any essential element of the aforesaid claims. Therefore, neither Count One nor any other Count states a claim upon which an essential element of the claim depends on any aspect of federal law.

> **2.      None of the rights created under the FCRA are an essential element of the Plaintiff's claims.**

Count Eleven of the Complaint alleges that the Defendants "intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties" and ***"[t]his information was false and defamatory.***" (Complaint, Exhibit "A") (emphasis added). Despite the fact that Count Eleven of the Plaintiff's Complaint clearly sets out a claim for defamation sounding in Alabama tort law, Ocwen contends that Count Eleven "alleges a claim under FCRA." (Notice of Removal). Ocwen's reading of the Plaintiff's claim is clearly incorrect.

Under Alabama tort law, in order to establish a prima facie case of defamation the plaintiff must show "[1] that the defendant was at least negligent, [2] in publishing [3] a false and defamatory statement to another [4] concerning the plaintiff, [5] which is either actionable without having to prove special harm . . . or actionable upon allegations and proof of special harm . . ." Gary v. Crouch, 867 So. 2d 310, 315 (Ala. 2003) (citations omitted).

Count Eleven of the Plaintiff's Complaint makes specific allegations that correspond with each required element to establish a cause of action for defamation under Alabama's tort law. Furthermore, Alabama's courts have consistently recognized causes of action for defamation where

allegations of negligent and/or false credit reporting were averred. See Battles v. Ford Motor Credit Co., 597 So.2d 688, 689, 692 (Ala. 1992) (plaintiff alleged, and court heard, that defendant "slandered him by willfully publishing false information regarding . . . his being in default on the payments under the lease" to a credit bureau); see also Liberty Loan Corp. of Gadsden v. Mizell, 410 So.2d 45, 49-50 (Ala. 1982) (although unsuccessful, court heard plaintiff's cause of action for defamation for publishing false statements that plaintiff was indebted to defendant); Jakob v. First Alabama Bank of Montgomery, 361 So. 2d 1017, 1020 (Ala. 1978) (plaintiff brought cause of action for defamation of credit reputation related to reports submitted to a credit reporting bureau).

Consequently, Count Eleven of the Plaintiff's Complaint has been well-pleaded and states a claim for defamation under the laws of the State of Alabama. Furthermore, the rights conferred under FCRA do not constitute any essential element with respect to establishing the Plaintiff's defamation claim.

Therefore, Count Eleven of the Plaintiff's complaint does not state a claim over which this Court has original jurisdiction.

### 3. None of the rights created under the FDCPA are an essential element of the Plaintiff's claims.

Ocwen contends that the duty not to "harass, oppress, or abuse" a person is created by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and that since Plaintiff has claimed that the Defendants harassed her, she has made a claim under the FDCPA. Ocwen's logic in making this argument is flawed. The Plaintiff's claim clearly states that she is seeking to recover for the intentional infliction of emotional distress caused by the Defendants' harassment. (Complaint, Exhibit "A").

A plaintiff may recover under the tort of outrage in Alabama by proving "(1) that the defendants either intended to inflict emotional distress, or knew or should have known that

emotional distress was likely to result from their conduct; (2) that the defendants' conduct was extreme and outrageous; and (3) that the defendants' conduct cause emotional distress so severe that no reasonable person could be expected to endure it." Callens v. Jefferson County Nursing Home, 769 So.2d 273, 281 (Ala. 2000). As such, Alabama law clearly provides an independent state law cause of action against harassing behavior by a defendant. In addition, Plaintiff's claims of harassment may also support a claim of nuisance. Ala. Code § 6-5-120 ("A 'nuisance' is anything that works hurt, inconvenience or damage to another."); Tipler v. McKenzie Tank Lines, 547 So.2d 438, 440 (Ala. 1989) (stating that a nuisance may consist of conduct that is intentional, unintentional, or negligent).

The Plaintiff's claims clearly state an independent cause of action under Alabama law. As such, no right created under the FDCPA is an essential element of the Plaintiff's claims.

**B.    The Plaintiff's state law claims are not preempted by the Home Owner's Loan Act ("HOLA").**

Ocwen contends that the Home Owner's Loan Act (hereinafter "HOLA") completely preempts the Plaintiff's causes of action stated in Count One of her Complaint. (Notice of Removal).

The mere preemptive effect of a federal statute does not provide a basis for removal. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854-55 (11th Cir. 1999). "[C]omplete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court." Blab T.V., 182 F.3d at 854-55. "The doctrine of complete preemption is distinguished from a simple defense of preemption in that simple preemption is a question of whether a defense is available under federal law, while complete preemption is a jurisdictional question which focuses on

Congress' intent to make the cause of action a federal cause of action and removable despite the fact that the plaintiff's complaint identifies only state claims." Hooper v. Albany Internat'l Corp., 149 F.Supp2d 1315, 1320 (M.D.Ala. 2001).

The complete preemption doctrine is an exception to the well-pleaded complaint rule. Aetna Health, Inc. v. Davila, 124 S.Ct. 2488, 2495 (2004). However, "the doctrine is a narrow one, applying only when 'the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim.'" United States Aviation Underwriters, Inc. v. Yellow Freight System, Inc., 296 F.Supp.2d 1322, 1337 (S.D.Ala. 2003) (quoting Caterpillar v. Williams, 482 U.S. 386, 393 (1987); see also Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 856 (11th Cir. 1999) ("[A]lthough the Supreme Court recognizes the existence of the complete preemption doctrine, the Court does so hesitatingly and displays no enthusiasm to extend the doctrine into areas of law beyond the LMRA [Labor Management Relations Act] and ERISA [Employment Retirement Income Security Act]."). A federal statute is completely preemptive when it provides the exclusive cause of action for the claims brought by the plaintiff. Beneficial, 539 U.S. at 9. Thus, while a federal statute may preempt some state law claims and provide a defendant with a defense to these claims, the same federal statute does not necessarily completely preempt a cause of action making removal on this basis permissible.

HOLA has not been recognized to completely preempt state law causes of action. In fact, "the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act . . . (2) § 1132 of the Employment Retirement Income Security Act of 1974 . . . and (3) §§ 85 and 86 of the National Bank Act . . . ." Dunlap v. G&L Holding Group Inc., 381 F.3d 1285, 1291 (11th Cir. 2004).

Ocwen cites 12 U.S.C. § 1463(g) as supporting its argument for complete preemption of the Plaintiff's claims in Count One of her Complaint. (Notice of Removal). However, Ocwen's argument does not address complete preemption, but addresses preemption <u>as a defense</u>. As stated previously, HOLA has not and cannot be found to completely preempt the state law causes of action alleged by the Plaintiff. In any event, as its subtitle suggests, 12 U.S.C. § 1463(g) preempts *only* state usury laws as they relate to the interest rates that may be charged by a federal thrift. The Plaintiff has not alleged a violation of any usury law of the State of Alabama in relation to the financing rates imposed upon the Plaintiff. Rather, the Plaintiff has alleged a violation of the duty to disclose the material terms of a transaction. (Complaint, Exhibit "A").

Further illuminating the limited scope of HOLA's preemptive effects, 12 C.F.R. § 560.2, which was promulgated by the Office of Thrift Supervision pursuant to HOLA, defines the scope of HOLA preemption. Predictably, 12 C.F.R. § 560.2 does not purport to preempt a state law action based upon a duty to disclose the material terms of a transaction. Instead, 12 C.F.R. § 560.2 "preempts (1) state laws that (2) either purport to regulate federal savings associations or otherwise materially affect their credit activities." <u>Gibson v. World Savings and Loan Ass'n</u>, 103 Cal. App. 4th 1291, 1302 (Cal.Ct.App. 2002).

12 C.F.R. § 560.2(c) (emphasis added) also expressly indicates that the following types of state law claims are not preempted:

> State laws of the following types *are not preempted* to the extent that they only incidentally affect the lending operations of Federal savings associations . . .:
>
> (1) *contract and commercial law*;
> (2) real property law;
> (3) homestead laws . . .;
> (4) *tort law*;
> (5) criminal law; and
> (6) any other law that [the Office of Thrift Supervision], upon review, finds:

(i) furthers a vital state int erest; and

(ii) either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

12 C.F.R. § 560.2(c) (emphasis added).

Ocwen's assertions regarding preemption do not address the concept of <u>complete</u> preemption, i.e., they do not address whether HOLA provides an exclusive cause of action for the Plaintiff's claims thereby allowing the removal of this action on that basis. Rather, Ocwen is addressing preemption as a <u>defense</u> to the Plaintiff's claims, which is not currently at issue.

Ocwen recently made this same argument (that HOLA completely preempts state law causes of action) in another federal district court in support of its removal of a state court action. <u>See</u> <u>McKenzie v. Ocwen Federal Bank FSB</u>, 306 F.Supp.2d 543 (D.Md. 2004). That court rejected the argument and remanded the case to state court. <u>McKenzie</u>, 306 F.Supp.2d at 506. In <u>McKenzie</u>, the plaintiff filed a complaint in state court alleging that Ocwen had violated various Maryland statutes regarding loans and had breached its contract with the plaintiff on the basis that Ocwen "adds fees and charges to the Plaintiff's account that are neither permitted by the loan agreement including some that are specifically prohibited by applicable law." <u>Id.</u> at 544. Ocwen filed a notice of removal, as in this case, based on both diversity and federal question jurisdiction. <u>Id.</u>  The plaintiff filed a motion to remand based on the assertions that the district court had neither diversity nor federal question jurisdiction over his claims. <u>Id.</u>

Ocwen argued that HOLA and its relevant regulations preempted "all state laws purporting to regulate or limit mortgage servicing fees imposed by federal chartered banks." <u>Id.</u>  The <u>McKenzie</u> court, however, held that while HOLA <u>may</u> preempt the state laws on which the plaintiff relied, the provisions of HOLA did not provide an exclusive cause of action and, thus, removal was not justified. <u>Id.</u> at 546.

Finally, Ocwen's claim that "[s]tate law claims against federally chartered financial institutions premised on allegations of excessive finance and other charges are completely preempted and removable to federal court" is exaggerated. In support of this proposition, Ocwen cites Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003). However, Beneficial did not reach this conclusion. See, e.g., McKenzie v. Ocwen Federal Bank FSB, 306 F.Supp.2d 543, 545 (D.MD. 2004) (stating that Beneficial's holding is not so broad as to support Ocwen's assertions that "consumer claims instituted in state court that challenge regulated practices of federally chartered financial institutions are subject to removal").

The Court in Beneficial discussed complete preemption as it related to sections 85 and 86 of the National Bank Act. These two sections address the limits on interest rates that national banks may charge and prescribe remedies to borrowers who are charged higher rates than allowed. Interest rate limits are not at issue in the present case. Thus, the Court's holding in Beneficial regarding complete preemption under the National Bank Act does not extend to the present case.

HOLA does not and has never been recognized to completely preempt state law claims. Thus, removal of this case cannot be based on complete preemption. Plaintiff's Motion to Remand is thereby due to be granted.

C.    **Federal question jurisdiction does not exist in the present case because no substantial question of federal law is in dispute.**

Ocwen contends that the Plaintiff's "claims will necessarily 'turn on some construction of federal law'" and that federal question jurisdiction is therefore established. (Notice of Removal).

"[T]he fact that a state claim necessarily turns on a federal issue, or involves construction of a federal law, does not necessarily give rise to a federal question and confer removal jurisdiction on a federal court." Austin v. American General Finance, 900 F.Supp. 396, 399 (M.D. Ala. 1995) (citing Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 816-17 (1986)). Instead, "there

must be a substantial question of federal law in dispute" in order to confer federal question jurisdiction. Cook v. Chrysler Credit Corp., 174 B.R. 321, 326 (M.D. Ala. 1994). Consequently, the mere fact "that federal law *may* be the source or basis of the plaintiffs' state-law claims does not support removal." Id. (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) (where plaintiff sought to enforce state statute, whose basis was federal law, federal court does not have jurisdiction and thus case was due to be remanded)) (emphasis added).

For sake of convenience, the Plaintiff will not re-argue whether the Plaintiff's claims arise under federal law and will simply refer the Court to the foregoing sections of this Motion and Brief. However, the Plaintiff emphasizes that the claims set out in her well-pleaded Complaint are based upon the statutory and common laws of the State of Alabama rather than any federal law(s). Nevertheless, even if a federal law was the source or basis of any of the Plaintiff's state law claims, the rights conferred thereunder certainly do not constitute any essential element of the Plaintiff's state law claims nor do they require the resolution of any substantial question of federal law. Consequently, the Plaintiff's well-pleaded Complaint does not state any claim whereunder a substantial federal question jurisdiction is triggered.

In light of the foregoing, federal question jurisdiction does not exist and the Plaintiff's Motion to Remand is due to be granted.

### III.    PLAINTIFF REQUESTS COSTS AND ATTORNEY'S FEES ASSOCIATED WITH THE REMOVAL OF THIS ACTION.

This Court has the authority under 28 U.S.C. § 1447(c) to include in an order remanding this case a requirement that the costs and fees associated with the removal of this case be paid to the Plaintiff. 28 U.S.C. § 1447(c). Because the Defendants have improperly removed this case, Plaintiff respectfully requests this Court to award her costs and attorney's fees associated with filing this motion to remand.

## IV.   CONCLUSION

This case has been improperly removed from state court. Diversity jurisdiction does not exist since there is not complete diversity among the defendants and the amount in controversy is less than $75,000.00. The Plaintiff has alleged no federal cause of action in her Complaint and all claims in the Complaint have an independent state law basis. For the above reasons, the Plaintiff's motion to remand is due to be granted.

WHEREFORE, the Plaintiff respectfully requests this Court to remand this action back to the Circuit Court of Shelby County, Alabama to award the Plaintiff fees and expenses incurred with respect to Ocwen's improper removal of this action, and for such other and further relief as this Court may deem just and proper.

R. Cooper Shattuck (SHATR5109)
Jane L. Calamusa (CALAJ5640)
Attorneys for Plaintiffs

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:  (205) 758-8358

18

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following counsel in this proceeding by mailing same by United States mail, properly addressed and first class postage prepaid, this 27th day of October, 2004.

To:    John E. Goodman, Esq.
Benjamin M. Moncrief, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

Harold J. Engel, Esq.
Reed Smith, LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC 20005

Robert A. Nicholas, Esq.
Louis W. Schack, Esq.
2500 One Liberty Place
160 Market Street
Philadelphia, PA 19103

Brian P. Brooks
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006-4001

John N. Bolus, Esq.
Maynard, Cooper & Gale, P.C.
1901 – 6th Avenue North, Suite 2400
Birmingham, AL 35203

Malone-Gordon Mortgage and Investments, Inc.
c/o Thomas R. Gordon
4618 Northwood Lake Drive East
Northport, AL 35473

Jane L. Calamusa (CALAJ5640)

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| SYBILE LILLY | § |
| PLAINTIFF, | § |
| | § |
| | § |
| VS. | §    CIVIL ACTION NO. CV-2004- 912 |
| | § |
| OCWEN FEDERAL BANK, FSB; | § |
| MOSS, CODILIS, STAWIARSKI, | § |
| MORRIS, SCHNEIDER & PRIOR, | § |
| L.L.P.; MALONE-GORDON | § |
| MORTGAGE & INVESTMENTS, INC.; | § |
| Fictitious Defendants A, B, C,...those | § |
| individuals, partnerships, corporations, | § |
| limited liability companies, or other legal | § |
| entities who are or have been mortgage | § |
| brokers, holders or servicers of the notes | § |
| and mortgages executed by the | § |
| Plaintiff or who have otherwise | § |
| attempted to collect the fees, finance | § |
| charges, and other penalties from | § |
| Plaintiff, | § |
| | § |
| DEFENDANTS. | § |

## COMPLAINT

1.    Plaintiff Sybile Lilly ("Plaintiff") is an individual over the age of 19 and resident of Shelby County, Alabama.

2.    Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in Shelby County, Alabama.

3.    Defendant Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P. ("Moss, Codilis"), is believed to be a limited liability partnership doing business in Alabama.

4.    Defendant Malone-Gordon Mortgage and Investments, Inc. ("Malone-Gordon") is an Alabama corporation doing business in Shelby County, Alabama.

EXHIBIT "A"

5.    Fictitious Defendants A, B, C, . . . are those individuals, partnerships, corporations, limited liability companies, or other legal entities who are or have been mortgage brokers, holders or servicers of the notes and mortgages executed by the Plaintiff or who have otherwise attempted to collect the fees, finance charges, and other penalties as more fully discussed below.

6.    Named and Fictitious Defendants are hereafter known collectively as "Defendants".

## FACTS

7.    Plaintiff executed a Note and Mortgage on Plaintiff's property located in Shelby County, Alabama.

8.    Malone-Gordon originated and closed the mortgage transaction.

9.    The Note and Mortgage were serviced and/or held by one or more Defendants.

10.    The servicing rights to this loan were transferred to one or more Defendants.

11.    Defendants improperly charged Plaintiff late fees when Plaintiff sent mortgage payments to the prior loan servicer.

12.    Defendants continued to charge Plaintiff late fees for these payments and other payments that were timely received.

13.    Defendants misapplied payments received from Plaintiff and otherwise miscalculated the amount owed by Plaintiff.

14.    Defendants improperly held payments received from Plaintiff until said payments were past due.

15.    Defendants improperly returned payments made by Plaintiff, causing Plaintiff's payments to be past due.

16.    Defendants improperly charged Plaintiff unidentified fees and penalties.

- 2 -

17.    Defendants improperly charged Plaintiff certain fees, finance charges, and penalties relating to foreclosure proceedings.

18.    As a result of being improperly charged certain fees and penalties, Defendants' misapplication of funds, and Defendants' miscalculation of amounts owed, Plaintiff was forced to enter into one or more forbearance agreements.

19.    Defendants charged excessive fees relating to these forbearance agreements.

20.    Defendants charged excessive fees relating to notices of default.

21.    Defendants improperly began foreclosure proceedings on Plaintiff's home as a result of Plaintiff's inability to pay the excessive fees and penalties charged by Defendants.

22.    Defendants charged excessive fees relating to these foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiff to keep Plaintiff's home.

23.    Defendants force-placed insurance on Plaintiff's home when Plaintiff already had appropriate coverage on the home and offered proof of same.

24.    Defendants improperly reported the status and amount of Plaintiff's loan to various credit reporting agencies.

25.    Defendants attempted to collect and did collect money from Plaintiff which was not due.

26.    Defendants provided inconsistent payoff amounts to Plaintiff, or otherwise refused to provide payoff amounts upon request.

27.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiff's loan which they had a duty to disclose.

## COUNT ONE

28.    The allegations of paragraphs 1 through 27 are incorporated herein as though set forth again in full.

29.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage.

30.    Defendants had a duty to disclose that Plaintiff would be charged these fees, finance charges, and/or penalties.

31.    As a result of Defendants' failure to disclose this information, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWO

32.    The allegations of paragraphs 1 through 31 are incorporated herein as though set forth again in full.

33.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff.

34.    Said representations were made with the intent that Plaintiff rely upon them.

35.    Plaintiff relied on said representations.

36.    Defendants benefited from Plaintiff's reliance.

37.    As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT THREE

38.    The allegations of paragraphs 1 through 37 are incorporated herein as though set forth again in full.

39.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented that they would promptly apply payments received to Plaintiff's account.

40.    Said representations were made with the intent that Plaintiff rely upon them.

41.    Plaintiff relied on said representations.

42.    Defendants benefited from Plaintiff's reliance.

43.    As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FOUR

44.    The allegations of paragraphs 1 through 43 are incorporated herein as though set forth again in full.

45.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiff pursuant to the terms of Plaintiff's note and mortgage.

46. As a result of not being made aware of such suppressed material facts, Plaintiff entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

47. Defendants benefited from Plaintiff's reliance.

48. As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FIVE

49. The allegations of paragraphs 1 through 48 are incorporated herein as though set forth again in full.

50. A contract existed between Plaintiff and Defendants.

51. Defendants breached their agreement with Plaintiff.

52. As a result of said breach, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT SIX

53. The allegations of paragraphs 1 through 52 are incorporated herein as though set forth again in full.

54. Defendants were negligent in the handling of Plaintiff's loan.

55. As a result of said negligence, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT SEVEN

56.    The allegations of paragraphs 1 through 55 are incorporated herein as though set forth again in full.

57.    Defendants were wanton in the handling of Plaintiff's loan.

58.    As a result of said wantonness, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT EIGHT

59.    The allegations of paragraphs 1 through 58 are incorporated herein as though set forth again in full.

60.    Defendants intentionally inflicted emotional distress upon Plaintiff by threatening to foreclose on Plaintiff's property for failure to pay fees and charges which Defendants had no right to collect and thus had no right to foreclose, and otherwise made representations of foreclosure when they had no right to affect Plaintiff's ownership in the property.

61.    Defendants intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly.

62.    Such conduct was outrageous and in contravention of good conduct and good faith and should thus be deemed repugnant by our society.

63.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT NINE

64.    The allegations of paragraphs 1 through 63 are incorporated herein as though set forth again in full.

65.    The Defendants have converted to their own use the monies as paid by Plaintiff, said monies being the property of Plaintiff.

66.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TEN

67.    The allegations of paragraphs 1 through 66 are incorporated herein as though set forth again in full.

68.    The Defendants owe Plaintiff for money paid by Plaintiff to the Defendants by mistake.

69.    As a result of said payments, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT ELEVEN

70.    The allegations of paragraphs 1 through 69 are incorporated herein as though set forth again in full.

71.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties.

72.    This information was false and defamatory.

73.    As a result, Plaintiff was unable to refinance or were otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWELVE

74.    The allegations of paragraphs 1 through 73 are incorporated herein as though set forth again in full.

75.    Defendants conspired with each other to commit the wrongs alleged herein.

76.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

**Plaintiff's Address:**

Ms. Sybile Lilly
70 Dana Drive
Montevallo, Alabama  35115

**Defendants' Addresses:**

Ocwen Federal Bank, FSB
12650 Ingenuity Drive
Orlando, Florida 32826

Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P.
P.O. Box 785051
Orlando, Florida 32878-5051

Malone-Gordon Mortgage and Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama 35401

WHEN RECORDED MAIL TO:

MALONE/GORDON MORTGAGE &
INVESTMENTS, INC.
1529 23RD AVENUE
TUSCALOOSA, ALABAMA 35401

Inst # 1997-29286

Loan No. 2976843

09/11/1997-29286
11:41 AM CERTIFIED
SHELBY COUNTY JUDGE OF PROBATE
004 WCD 60.10

TP/1926

[Space Above This Line For Recording Data]

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on AUGUST 21, 1997
The grantor is ALEX W LILLY, A MARRIED MAN AND SYBILE D. LILLY , A MARRIED
WOMAN HUSBAND AND WIFE AS JOINT TENANTS
("Borrower"). This Security Instrument is given to
MALONE/GORDON MORTGAGE & INVESTMENTS, INC., A ALABAMA CORPORATION

which is organized and existing under the laws of  ALABAMA  , and whose address is
1529 23RD AVENUE, TUSCALOOSA, ALABAMA 35401

("Lender"). Borrower owes Lender the principal sum of
THIRTY EIGHT THOUSAND THREE HUNDRED FIFTY AND 00/100**********
Dollars (U.S. $ 38,350.00      ). This debt is evidenced by Borrower's note dated the same date as this
Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and
payable on SEPTEMBER 1, 2012     . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the
payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and
assigns, with power of sale, the following described property located in
SHELBY                                                    County, Alabama:


LOT 17, ACCORDING TO THE SURVEY OF RIPPLE CREEK ESTATES, PHASE 2, FIRST ADDITION,
AS RECORDED IN MAP BOOK 14, PAGE 39, IN THE PROBATE OFFICE OF SHELBY COUNTY,
ALABAMA.

ALEX W. LILLY IS ONE AND THE SAME PERSON AS ALEX LILLY.
SYBILE D. LILLY IS ONE AND THE SAME PERSON AS SYBIL LILLY.


which has the address of  70 DANA DRIVE, MONTEVALLO
                              [Street]                                    [City]

Alabama .      35115           ("Property Address");
              [Zip Code]

  TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with
all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now
or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument.
All of the foregoing is referred to in this Security Instrument as the "Property."
  BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

---

ALABAMA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3001 9/90
Document Systems, Inc (800) 649-1362                    Page 1 of 7

AL MTG                                    ORIGINAL

EXHIBIT "B"

Lilly  0004

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower

ALABAMA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3001 9/90
Document Systems, Inc. (800) 649-1362                                · Page 2 of 7

ALMTG

ORIGINAL

subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. **Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

---

ALABAMA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                                    Form 3001 9/90
Document Systems, Inc. (800) 649-1362                     Page 3 of 7

ORIGINAL

9. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

17. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full

---

ALABAMA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT

Document Systems, Inc. (800) 649-1362

Page 4 of 7

Form 3001 9/90

AI 1410

ORIGINAL

of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

18. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

19. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

21. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in paragraph 14. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in **SHELBY**                  County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security

ALABAMA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                          Form 3001 9/90
Document Systems, Inc. (800) 649-1362                 Page 5 of 7

and (c) any excess to the person or persons legally entitled to it.

22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

23. **Waivers.** Borrower waives all right of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

24. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)]

☐ Adjustable Rate Rider          ☐ Condominium Rider          ☐ 1-4 Family Rider

☐ Graduated Payment Rider        ☐ Planned Unit Development Rider   ☐ Biweekly Payment Rider

☐ Balloon Rider                  ☐ Rate Improvement Rider     ☐ Second Home Rider

☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____

_____

_____      _____ (Seal)
                                      ALEX W LILLY                    - Borrower

                                      Social Security Number 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

                                      _____ (Seal)
                                      SYBILE D. LILLY                  - Borrower

                                      Social Security Number 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

                                      _____ (Seal)
                                                                      - Borrower

                                      Social Security Number _____

                                      _____ (Seal)
                                                                      - Borrower

                                      Social Security Number _____

                                      _____ (Seal)
                                                                      - Borrower

                                      Social Security Number _____

                                      _____ (Seal)
                                                                      - Borrower

                                      Social Security Number _____

ALABAMA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3001 9/90
Document Systems, Inc. (800) 649-1362                Page 6 of 7

                                      ORIGINAL

AL MT11

STATE OF    **ALABAMA**        **JEFFERSON**    County ss: /SHELBY/

On this  21ST    day of    AUGUST, 1997                        , I, the undersigned authority
a Notary Public in and for said county
and in said state, hereby certify that  ALEX W LILLY, AND SYBLE D. LILLY

, whose name(s)

ARE      signed to the foregoing conveyance, and who    ARE    known to me, acknowledged
before me that, being informed of the contents of the conveyance,    THEY    executed the same voluntarily
and as    THEIR    act on the day the same bears date.
Given under my hand and seal of office this the  21ST    day of  AUGUST, 1997

My Commission expires:  10-31-99                                        Notary Public

This instrument was prepared by

Larry R. Newman
3141 Lorna Road, Suite 202
Birmingham, Alabama 35216-4507

———————————  [Space Below This Line For Acknowledgement]  ———————————

Inst # 1997-29286

09/11/1997-29286
11:41 AM CERTIFIED
SHELBY COUNTY JUDGE OF PROBATE
007  SHA    81.10

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

LEE AND KIMBERLY DOWDLE )
)
    PLAINTIFF )
)
VS. ) CASE NO. CV 99-082
)
AURORA LOAN SERVICES, ET AL )
)
    DEFENDANTS )

FILED
FAYETTE COUNTY
TEDDY SMITH
CIRCUIT CLERK
2004 JUN 18  AM 7: 57

## ORDER

This matter having come before this Court on the Plaintiffs' Motion to Show Cause Why Defendant Should Not Be Held in Contempt and Motion for Sanctions and the Court having heard the arguments of the parties, the Court finds as follows:

It is apparent to this Court that Defendant Ocwen Federal Bank, FSB, has exhibited a callous disregard for the Orders of this Court and the findings of the Alabama Supreme Court and has intentionally ignored these Orders and findings. It is also apparent to this Court that Ocwen has acted in bad faith in providing responses to the discovery propounded by the Plaintiffs. Ocwen has made multiple attempts to evade responding to this discovery. These attempts have resulted in the filing of several motions to compel by the Plaintiffs, culminating in a motion for sanctions and an additional supplemental filing by the Plaintiff. The discovery disputes in this case have been ongoing for four years.

The Court is in receipt of Ocwen's most recent filing of a status report on this discovery. This report was not requested or ordered and the Court cannot and will not consider this *ex parte* submission.

EXHIBIT "C"

In addition, the Plaintiffs have demonstrated to the Court that Ocwen has previously made misrepresentations to this Court about (1) its ability to produce the information requested by the Plaintiffs and (2) the scope of the discovery produced to the Plaintiffs.

It is this Court's belief, in light of Ocwen's disregard of the Orders of this Court, that monetary sanctions, along with additional sanctions, are necessary to impose upon Ocwen the seriousness with which this Court, views the importance of the obedience of its Orders and the truthfulness of representations made to the Court and other parties. Such sanctions are also necessary to demonstrate to Ocwen, and any other parties who may consider abusing the discovery process, that constant delays and evasive responses will not be treated lightly. Based upon Ocwen's repeated failure to respond to this discovery, the Court believes that the sanctions imposed against Ocwen should be severe enough to discourage these dilatory tactics in the future. Pursuant to Rule 37 of the Alabama Rules of Civil Procedure, the Court imposes the following sanctions upon Ocwen for its gross abuse of the discovery process and its continued failure to produce the documents and other information requested by the Plaintiffs:

1. Ocwen is hereby ORDERED to pay the attorneys' fees and expenses of Plaintiffs' counsel incurred as a result of addressing any discovery matter relating to Ocwen's failure to produce requested information. This includes time spent reviewing documents produced by Ocwen to determine whether said documents were responsive to requests or were complete. Plaintiffs' counsel is hereby ORDERED to submit to the Court within 10 days a list of all such fees and expenses. The Court will enter a subsequent Order regarding those fees and expenses.

2. Ocwen is hereby ORDERED to fully respond to any outstanding discovery (or any such modification in scope of this discovery as may be agreed between Plaintiffs and Ocwen) in this

matter within twenty-one (21) days of the date of this Order, at no cost to Plaintiffs. For each day

thereafter that Ocwen has not fully responded to the discovery requests propounded by the

Plaintiffs, Ocwen will be assessed a penalty of $1,000.00 per day. When Ocwen has fully

responded to the outstanding discovery requests, Ocwen shall certify to this Court, in writing, that

Ocwen has fully responded to the discovery requests. If Plaintiffs' counsel disagrees with

Ocwen's representation, the Court will appoint a Special Master to review the requests and

responses. Ocwen will bear all reasonable costs and expenses relating to this inquiry. If the

Special Master determines that Ocwen has fully complied with the discovery requests, Plaintiffs

will pay the fees and expenses of the Special Master. If the Special Master determines that Ocwen

has not fully complied with the discovery requests, Ocwen will thereafter be assessed the sum of

$5,000.00 per day until the Special Master determines that Ocwen has fully complied with the

responses. Ocwen will also pay the fees and expenses of the Special Master associated with same.

If Ocwen thereafter continues to fail to comply, the Plaintiffs may petition this Court for further

relief. Plaintiffs may petition this Court for further relief, including but not limited to the entry of

a Judgment on the issue of liability.

DONE and ORDERED this 16ᵀᴴ day of _____June_____, 2004.

_____
James Moore, Circuit Judge
24th Judicial Circuit

cc:  All Counsel of Record
     All Unrepresented Parties

**FILED**

2004 Nov-30  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

SYBILE LILLY,

_____PLAINTIFF,

vs.                                           CASE NO. CV 04-J-2829-S

OCWEN FEDERAL BANK, FSB,
et al.,

DEFENDANTS.

## ORDER OF REMAND

This action is before the court on the Notice of Removal of defendant Ocwen

Federal Bank FSB ("Ocwen") (doc. 1), the plaintiff's motion to remand (doc. 13) and

Ocwen's opposition to the motion to remand (doc. 19). Ocwen asserts jurisdiction in

this court based upon diversity and on federal question jurisdiction because the

plaintiff's claims either directly arise under federal law or are completely preempted

by federal law. *See* Notice of Removal, ¶¶ 9-10, 13, 20-25.

The plaintiff, an Alabama resident, financed property through non-served

defendant Malone-Gordon.[1] Complaint, ¶¶ 8-9. The mortgage was then transferred

to one or more of the other defendants, presumably including defendant Ocwen.

Complaint, ¶ 10. The plaintiff alleges she was improperly charged late fees when she

---

[1] Malone-Gordon is an Alabama resident. Defendant Ocwen asserts that this defendant
was improperly joined and therefore does not destroy diversity. The court addresses this
assertion, *infra.*

sent mortgage payments to the prior loan servicer, that she was charged late fees for payments timely received, that her payments were misapplied and improperly returned to her, and that she was improperly charged unidentified fees and penalties. *Id.,* ¶¶ 11-17. As a result of these actions, the plaintiff was forced to sign forbearance agreements, was charged excessive fees to halt foreclosure proceedings, and had excess insurance force-placed on her home. *Id.,* ¶¶ 18-23. The plaintiff further alleges that the defendants improperly reported the status and amount of her loan to credit reporting agencies, provided inconsistent payoff amounts to the plaintiff, and failed to disclose that the plaintiff would be charged these fees, charges and penalties prior to the closing of the loan. *Id.,* ¶¶ 24-27. The plaintiff filed suit in state court alleging failure to disclose, misrepresentation, suppression, breach of contract, negligence, wantonness, intentional infliction of emotional distress, conversion, money paid by mistake, defamation and conspiracy. Defendant Ocwen removed the case here, claiming diversity jurisdiction, federal question jurisdiction under the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA"), and complete preemption under the Home Owner's Loan Act ("HOLA"). Notice of Removal, ¶¶ 6, 13, 20-29.

*Diversity Jurisdiction*

In response to Ocwen's argument that complete diversity exists and that the amount in controversy is greater than this court's jurisdictional minimum, the plaintiff states that her out of pocket damages are "currently estimated to be less than $10,000.00." Motion to Remand, at 7. The Eleventh Circuit has stated, "[w]here, as here the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buys*, 269 F.3d 1316, 1319 (11th Cir. 2001), citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). A "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *Williams*, 269 F.3d at 1319-20.

This court may consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal. *Williams*, 269 F.3d at 1319; citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Thus, the court has considered the plaintiff's representation in her motion to remand that the amount in controversy is less than $75,000.00. Motion to Remand, at 7.

3

The defendant also failed to plead any fact in its notice of removal which could rationally support a conclusion that a compensatory claim for approximately $10,000.00 would become a jury verdict of $75,000.00. *See Williams, supra, see also Burns v. Windsor,* 31 F.3d 1092, 1097 (11th Cir.1994). As the court finds diversity jurisdiction lacking based on the amount in controversy, the court declines to address whether defendant Malone-Gordon has been fraudulently joined.

### *Federal Question Jurisdiction*

Having considered the defendant's claim that this action "arises under" federal law and the plaintiff's response thereto, the court finds that, under the facts of this case, the plaintiff's state law claims do not "really and substantially involve [] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Dunlap v. G &L Holding Group, Inc.,* 381 F.3d 1285, 1290 (11th Cir.2004); citing *Mobil Oil Corp. v. Coastal Petroleum Co.,* 671 F.2d 419, 422 (11th Cir.1982). Furthermore, TILA, RESPA and FCRA contain language that a claim under those statutes may be brought in "any court of competent jurisdiction." 15 U.S.C. § 1640(e) (TILA); 12 U.S.C. § 2614 (RESPA); 15 U.S.C. § 1681p (FCRA).

Nothing in these statutes requires the plaintiffs to sue for violations of those statutes rather than fraud, negligence, defamation and other state law claims. *See e.g.* RESPA, 12 U.S.C. § 2607(6) ("No provision of State law or regulation that imposes

4

more stringent limitations on affiliated business arrangements shall be construed as being inconsistent with this section"). TILA actually creates liability for failure to comply with state law. 15 U.S.C. § 1640. TILA also has express language that shows Congress intended not to completely preempt state law claims within the scope of TILA. *See* 15 U.S.C. § 1610. Thus, while this court does have jurisdiction to hear TILA, RESPA and FCRA claims,[2] it does not have exclusive jurisdiction over such claims. *See* 12 U.S.C. § 2607; 15 U.S.C. § 1610; 15 U.S.C. § 1681p.

Additionally, the Eleventh Circuit Court of Appeals has stated:

> The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction – the implicated federal issue must be *substantial*.... [I]t is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state law cause of action....

---

[2]Like TILA, FCRA specifically states it does not preempt state law. The relevant section, 15 U.S.C. § 1681t(a) states, "[e]xcept as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency." The relevant exception under (b) of that subsection states:

No requirement or prohibition may be imposed under the laws of any State-
(1) with respect to any subject matter regulated under–
(F) section 1681s-2 of this title, relating to the responsibilities of
persons who furnish information to consumer reporting agencies ...
15 U.S.C.A. § 1681t. Having already determined that a FCRA claim may be brought in state court, this court does not address whether this subsection could arguably preempt a state law action for defamation.

*Dunlap*, 381 F.3d at 1291-1292 (emphasis in original, citations omitted). In the facts before this court, the plaintiff's claims do not require proof of violation or interpretation of federal law. The fact that defendant(s) may have complied with federal law is, at most, a defense to the plaintiff's claims. That such a defense may arise is "far removed from a situation where compliance with federal law is an essential element of the plaintiff's claims." *Dunlap*, 381 F.3d at 1292 .

As the United States Supreme Court explained in *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 78 (1936):

> To bring a case within the [removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.... The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

*Id.* at 112. The plaintiff here alleges failure to disclose, misrepresentation, suppression, breach of contract, negligence, wantonness, intentional infliction of emotional distress, conversion, money paid by mistake, defamation and conspiracy. None of these causes of action requires proof of violation of a federal law as a predicate act. In other words, the defendant can be found liable for fraud or misrepresentation without the plaintiff having to prove any violation of a federal statute. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986) (stating that because the well-

6

pleaded complaint rule makes the plaintiff the master of the claim, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law). *Monday v. Coast to Coast Wireless*, 1997 WL 114874, 11 (M.D.Ala.) ("It is the fact that an action is founded 'on a claim or right arising under' federal law that makes the action removable under 28 U.S.C. § 1441(b), not the fact that an interpretation of federal law may affect or determine the outcome of the action"). Removal jurisdiction may not be sustained simply because a plaintiff could have asserted a federal claim instead of or in addition to the state claim advanced.

The fact that defendant may wish to defend this case by providing evidence that its actions complied with one or more federal statutes does not convert this case into one of federal question jurisdiction. "A case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

Likewise, the FDCPA does not mandate jurisdiction in this court. While this court does have jurisdiction to hear FDCPA claims, it does not have exclusive jurisdiction over such claims. *See* 15 U.S.C. 1692k(d) ("Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction*"(emphasis

7

added)).  FDCPA claims do not require a federal forum.  *See e.g., Binion v. Franklin Collection Services, Inc.*,  147 F.Supp.2d 519, 520-521 (S.D.Miss.2001).  *See also Virgil v. Reorganized M.W. Co., Inc.*, 156 F.Supp.2d 624, 631 (S.D.Miss.2001) ("no court has held that the FDCPA completely preempts applicable state law or even that it preempts the field"); *Dean v. Compass Receivables Management Corp.*, 148 F.Supp.2d 116 (D.Mass.2001).

### Complete Preemption

Ocwen also alleges that HOLA completely preempts the plaintiffs' state law claims regarding the issue of excessive interest charges.  This court finds no support for such complete preemption.

> To date, the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act og 1974, 29 U.S.C. § 1001 et seq.; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C § 21 et seq.

*Dunlap*, 381 F.3d at 1291.

Even defendant's argument that plaintiff's specific claims are  preempted by HOLA has no support.  Another District Court has already found this argument, by this defendant, is invalid.  In *McKenzie v. Ocwen Federal Bank FSB*, 306 F.Supp.2d 543 (D.Md.2004), the court stated as follows:

8

forfeiture of the entire interest which the extension of credit carries with it, or which has been agreed to be paid thereon. If such greater rate of interest has been paid, the person who paid it may recover, in a civil action commenced in a court of appropriate jurisdiction not later than 2 years after the date of such payment, an amount equal to twice the amount of the interest paid from the savings association taking or receiving such interest.

12 U.S.C.A. § 1463. The court finds that state usury laws are not at issue here. Plaintiff's claims are not that complicated. Plaintiff sues based on her belief that the defendants misapplied her mortgage payments, withheld her mortgage payments, charged her penalties and fees which she did not owe, and wrongly began foreclosure proceedings on her home.

Having considered the foregoing, the court finds that this case has been improvidently removed. It is therefore **ORDERED** by the court that this case be and hereby is **REMANDED** to the Circuit Court of Shelby County, Alabama.

**DONE** and **ORDERED** this the 30th day of November, 2004.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

10

FILED

2004 Nov-30  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

SYBILE LILLY,

_____PLAINTIFF,

vs.                                                CASE NO. CV 04-J-2829-S

OCWEN FEDERAL BANK, FSB,
et al.,

    DEFENDANTS.        **ORDER OF REMAND**

This action is before the court on the Notice of Removal of defendant Ocwen

Federal Bank FSB ("Ocwen") (doc. 1), the plaintiff's motion to remand (doc. 13) and

Ocwen's opposition to the motion to remand (doc. 19). Ocwen asserts jurisdiction in

this court based upon diversity and on federal question jurisdiction because the

plaintiff's claims either directly arise under federal law or are completely preempted

by federal law. *See* Notice of Removal, ¶¶ 9-10, 13, 20-25.

The plaintiff, an Alabama resident, financed property through non-served

defendant Malone-Gordon.[1] Complaint, ¶¶ 8-9. The mortgage was then transferred

to one or more of the other defendants, presumably including defendant Ocwen.

Complaint, ¶ 10. The plaintiff alleges she was improperly charged late fees when she

---

[1]Malone-Gordon is an Alabama resident. Defendant Ocwen asserts that this defendant
was improperly joined and therefore does not destroy diversity. The court addresses this
assertion, *infra*.

sent mortgage payments to the prior loan servicer, that she was charged late fees for payments timely received, that her payments were misapplied and improperly returned to her, and that she was improperly charged unidentified fees and penalties. *Id.,* ¶¶ 11-17.  As a result of these actions, the plaintiff was forced to sign forbearance agreements, was charged excessive fees to halt foreclosure proceedings, and had excess insurance force-placed on her home. *Id.,* ¶¶ 18-23.  The plaintiff further alleges that the defendants improperly reported the status and amount of her loan to credit reporting agencies, provided inconsistent payoff amounts to the plaintiff, and failed to disclose that the plaintiff would be charged these fees, charges and penalties prior to the closing of the loan. *Id.,* ¶¶ 24-27.  The plaintiff filed suit in state court alleging failure to disclose, misrepresentation, suppression, breach of contract, negligence, wantonness, intentional infliction of emotional distress, conversion, money paid by mistake, defamation and conspiracy.  Defendant Ocwen removed the case here, claiming diversity jurisdiction, federal question jurisdiction under the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA"), and complete preemption under the Home Owner's Loan Act ("HOLA").  Notice of Removal, ¶¶ 6, 13, 20-29.

2

Misapplying the holding in *Beneficial,* Defendant argues that "consumer claims instituted in state court that challenge regulated practices of federally chartered financial institutions are subject to removal." Contrary to Defendant's assertion, *Beneficial's* holding is not so broad. As noted above, in Beneficial the Court specifically analyzed §§ 85 and 86 of the National Bank Act. In the case *sub judice,* Defendant's complete preemption argument relies on HOLA .... Defendant argues that because HOLA and its relevant regulations expressly preempt all state laws purporting to regulate or limit mortgage servicing fees imposed by federally chartered banks, Plaintiff's "ostensibly state-law" claims are completely displaced by operation of federal law." ....However, notwithstanding that HOLA may preempt the state-laws (sic) on which Plaintiff relies, the HOLA provisions on which Defendant's complete preemption argument is based do not provide an exclusive cause of action.

*McKenzie,* 306 F.Supp.2d at 545-546. In this case, the defendant relies on 12 U.S.C.

§ 1463(g)(2) for the proposition that HOLA provides an exclusive federal remedy for

borrowers who believe a federal thrift has assessed excessive finance charges. Notice

of Removal, ¶¶ 24-25. That section states:

(g) Preemption of State usury laws

(1) Notwithstanding any State law, a savings association may charge interest on any extension of credit at a rate of not more than 1 percent in excess of the discount rate on 90-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district in which such savings association is located or at the rate allowed by the laws of the State in which such savings association is located, whichever is greater.

(2) If the rate prescribed in paragraph (1) exceeds the rate such savings association would be permitted to charge in the absence of this subsection, the receiving or charging a greater rate of interest than that prescribed by paragraph (1), when knowingly done, shall be deemed a

9

*Diversity Jurisdiction*

In response to Ocwen's argument that complete diversity exists and that the amount in controversy is greater than this court's jurisdictional minimum, the plaintiff states that her out of pocket damages are "currently estimated to be less than $10,000.00." Motion to Remand, at 7. The Eleventh Circuit has stated, "[w]here, as here the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buys*, 269 F.3d 1316, 1319 (11th Cir. 2001), citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). A "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *Williams*, 269 F.3d at 1319-20.

This court may consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal. *Williams,* 269 F.3d at 1319; citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Thus, the court has considered the plaintiff's representation in her motion to remand that the amount in controversy is less than $75,000.00. Motion to Remand, at 7.

The defendant also failed to plead any fact in its notice of removal which could rationally support a conclusion that a compensatory claim for approximately $10,000.00 would become a jury verdict of $75,000.00. *See Williams, supra, see also Burns v. Windsor,* 31 F.3d 1092, 1097 (11th Cir.1994). As the court finds diversity jurisdiction lacking based on the amount in controversy, the court declines to address whether defendant Malone-Gordon has been fraudulently joined.

### *Federal Question Jurisdiction*

Having considered the defendant's claim that this action "arises under" federal law and the plaintiff's response thereto, the court finds that, under the facts of this case, the plaintiff's state law claims do not "really and substantially involve [] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Dunlap v. G &L Holding Group, Inc.,* 381 F.3d 1285, 1290 (11th Cir.2004); citing *Mobil Oil Corp. v. Coastal Petroleum Co.,* 671 F.2d 419, 422 (11th Cir.1982). Furthermore, TILA, RESPA and FCRA contain language that a claim under those statutes may be brought in "any court of competent jurisdiction." 15 U.S.C. § 1640(e) (TILA); 12 U.S.C. § 2614 (RESPA); 15 U.S.C. § 1681p (FCRA).

Nothing in these statutes requires the plaintiffs to sue for violations of those statutes rather than fraud, negligence, defamation and other state law claims. *See e.g.* RESPA, 12 U.S.C. § 2607(6) ("No provision of State law or regulation that imposes

4

more stringent limitations on affiliated business arrangements shall be construed as being inconsistent with this section"). TILA actually creates liability for failure to comply with state law. 15 U.S.C. § 1640. TILA also has express language that shows Congress intended not to completely preempt state law claims within the scope of TILA. *See* 15 U.S.C. § 1610. Thus, while this court does have jurisdiction to hear TILA, RESPA and FCRA claims,[2] it does not have exclusive jurisdiction over such claims. *See* 12 U.S.C. § 2607; 15 U.S.C. § 1610; 15 U.S.C. § 1681p.

Additionally, the Eleventh Circuit Court of Appeals has stated:

> The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction – the implicated federal issue must be *substantial*.... [I]t is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state law cause of action....

---

[2]Like TILA, FCRA specifically states it does not preempt state law. The relevant section, 15 U.S.C. § 1681t(a) states, "[e]xcept as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency." The relevant exception under (b) of that subsection states:

No requirement or prohibition may be imposed under the laws of any State–
(1) with respect to any subject matter regulated under–
    (F) section 1681s-2 of this title, relating to the responsibilities of
    persons who furnish information to consumer reporting agencies ...
15 U.S.C.A. § 1681t. Having already determined that a FCRA claim may be brought in state court, this court does not address whether this subsection could arguably preempt a state law action for defamation.

5

*Dunlap,* 381 F.3d at 1291-1292 (emphasis in original, citations omitted). In the facts before this court, the plaintiff's claims do not require proof of violation or interpretation of federal law. The fact that defendant(s) may have complied with federal law is, at most, a defense to the plaintiff's claims. That such a defense may arise is "far removed from a situation where compliance with federal law is an essential element of the plaintiff's claims." *Dunlap,* 381 F.3d at 1292 .

As the United States Supreme Court explained in *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 78 (1936):

> To bring a case within the [removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.... The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

*Id.* at 112. The plaintiff here alleges failure to disclose, misrepresentation, suppression, breach of contract, negligence, wantonness, intentional infliction of emotional distress, conversion, money paid by mistake, defamation and conspiracy. None of these causes of action requires proof of violation of a federal law as a predicate act. In other words, the defendant can be found liable for fraud or misrepresentation without the plaintiff having to prove any violation of a federal statute. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986) (stating that because the well-

6

pleaded complaint rule makes the plaintiff the master of the claim, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law). *Monday v. Coast to Coast Wireless*, 1997 WL 114874, 11 (M.D.Ala.) ("It is the fact that an action is founded 'on a claim or right arising under' federal law that makes the action removable under 28 U.S.C. § 1441(b), not the fact that an interpretation of federal law may affect or determine the outcome of the action"). Removal jurisdiction may not be sustained simply because a plaintiff could have asserted a federal claim instead of or in addition to the state claim advanced.

The fact that defendant may wish to defend this case by providing evidence that its actions complied with one or more federal statutes does not convert this case into one of federal question jurisdiction. "A case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

Likewise, the FDCPA does not mandate jurisdiction in this court. While this court does have jurisdiction to hear FDCPA claims, it does not have exclusive jurisdiction over such claims. *See* 15 U.S.C. 1692k(d) ("Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction*"(emphasis

7

added)). FDCPA claims do not require a federal forum. *See e.g., Binion v. Franklin Collection Services, Inc.*, 147 F.Supp.2d 519, 520-521 (S.D.Miss.2001). *See also Virgil v. Reorganized M.W. Co., Inc.*, 156 F.Supp.2d 624, 631 (S.D.Miss.2001) ("no court has held that the FDCPA completely preempts applicable state law or even that it preempts the field"); *Dean v. Compass Receivables Management Corp.*, 148 F.Supp.2d 116 (D.Mass.2001).

### Complete Preemption

Ocwen also alleges that HOLA completely preempts the plaintiffs' state law claims regarding the issue of excessive interest charges. This court finds no support for such complete preemption.

> To date, the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act og 1974, 29 U.S.C. § 1001 et seq.; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C § 21 et seq.

*Dunlap*, 381 F.3d at 1291.

Even defendant's argument that plaintiff's specific claims are preempted by HOLA has no support. Another District Court has already found this argument, by this defendant, is invalid. In *McKenzie v. Ocwen Federal Bank FSB*, 306 F.Supp.2d 543 (D.Md.2004), the court stated as follows:

8

Misapplying the holding in *Beneficial,* Defendant argues that "consumer claims instituted in state court that challenge regulated practices of federally chartered financial institutions are subject to removal." Contrary to Defendant's assertion, *Beneficial's* holding is not so broad. As noted above, in Beneficial the Court specifically analyzed §§ 85 and 86 of the National Bank Act. In the case *sub judice,* Defendant's complete preemption argument relies on HOLA .... Defendant argues that because HOLA and its relevant regulations expressly preempt all state laws purporting to regulate or limit mortgage servicing fees imposed by federally chartered banks, Plaintiff's "ostensibly state-law claims are completely displaced by operation of federal law." ....However, notwithstanding that HOLA may preempt the state-laws (sic) on which Plaintiff relies, the HOLA provisions on which Defendant's complete preemption argument is based do not provide an exclusive cause of action.

*McKenzie,* 306 F.Supp.2d at 545-546. In this case, the defendant relies on 12 U.S.C. § 1463(g)(2) for the proposition that HOLA provides an exclusive federal remedy for borrowers who believe a federal thrift has assessed excessive finance charges. Notice of Removal, ¶¶ 24-25. That section states:

(g) Preemption of State usury laws

(1) Notwithstanding any State law, a savings association may charge interest on any extension of credit at a rate of not more than 1 percent in excess of the discount rate on 90-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district in which such savings association is located or at the rate allowed by the laws of the State in which such savings association is located, whichever is greater.

(2) If the rate prescribed in paragraph (1) exceeds the rate such savings association would be permitted to charge in the absence of this subsection, the receiving or charging a greater rate of interest than that prescribed by paragraph (1), when knowingly done, shall be deemed a

9

forfeiture of the entire interest which the extension of credit carries with it, or which has been agreed to be paid thereon. If such greater rate of interest has been paid, the person who paid it may recover, in a civil action commenced in a court of appropriate jurisdiction not later than 2 years after the date of such payment, an amount equal to twice the amount of the interest paid from the savings association taking or receiving such interest.

12 U.S.C.A. § 1463. The court finds that state usury laws are not at issue here. Plaintiff's claims are not that complicated. Plaintiff sues based on her belief that the defendants misapplied her mortgage payments, withheld her mortgage payments, charged her penalties and fees which she did not owe, and wrongly began foreclosure proceedings on her home.

Having considered the foregoing, the court finds that this case has been improvidently removed. It is therefore **ORDERED** by the court that this case be and hereby is **REMANDED** to the Circuit Court of Shelby County, Alabama.

**DONE** and **ORDERED** this the 30th day of November, 2004.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

10

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA



AUG 2004
RECEIVED & FILED
MARY H. HARRIS
CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004-912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,...those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies, or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S FIRST COMBINED DISCOVERY
## TO DEFENDANT MOSS, CODILIS, STAWIARSKI,
## MORRIS, SCHNEIDER & PRIOR, LLP

Comes now the Plaintiff, Sybile Lilly ("Plaintiff"), and requests Defendant Moss, Codilis,

Stawiarski, Morris, Schneider & Prior, L.L.P. ("Moss, Codilis") to respond to the following

interrogatories and requests for production:

"Document" as herein used means the original, or if the original is not available, a
copy thereof, of any written, recorded or graphic matter and all nonidentical copies
thereof, however produced or reproduced, and includes, without limitation, all
papers, books, drafts, letters, tangible things, computer files or electronically stored
data or information, correspondence, email, notes, memoranda, contracts, records,
invoices, bills or receipts, photographs, videotapes, audio or cassette tapes, sketches,
drawings, statements, reports, telegrams, cables, telex message, memoranda, notes,
notations, work papers, transcripts, minutes, reports, records of telephone or other

conversations, summaries, opinions, studies, analysis, evaluations, charts, computer readable media, machine sensible, electronic, magnetic, or any other form of stored information including, but not limited to, computer memory, hard disks, floppy disks, compact disks, magnetic tapes, optical media, magneto-optical media, and any other documents in your possession, custody or control or known by you to exist.

"Identify" or "Identity" as herein used with respect to an individual means to state his or her name and last known address. With respect to an entity other than an individual, "Identify" or "Identity" means to state the legal name of the entity, the address of its principal place of business, and the place of creation or organization (i.e., a Delaware corporation, an Alabama LLC, etc.).

"Ocwen" means Defendant Ocwen Federal Bank, FSB.

1.    Produce any and all Documents referencing, referring to, or relating to Plaintiff.

2.    Produce any and all Documents referencing, referring to, or relating to any correspondence Moss, Codilis has sent or received from Plaintiff including, but not limited to, notices of default and letters regarding foreclosure or forbearance agreements.

3.    Produce any and all Documents referencing, referring to, or relating to any correspondence Moss, Codilis has had regarding the Plaintiff with any other person or entity and for each instance of correspondence state:

    a.    The approximate date of such correspondence

    b.    To whom such correspondence was directed

    c.    The reason for such correspondence.

4.    State the nature of the relationship between Moss, Codilis and Ocwen.

5.    Produce any and all Documents referencing, referring to, or relating to the relationship referenced in the preceding Request.

6.    State the total number of notices of default sent to Ocwen customers per year for the last 10 years.

7.    State the total dollar amount paid to Moss, Codilis by Ocwen each year for the past 10 years.

8.    List each and every office location of Moss, Codilis within the past 10 years.

9.    State whether any office location of Moss, Codilis within the past 10 years was contained within, adjoined to, or adjacent to any business location of Ocwen.

10.    Identify each employee of Moss, Codilis for the past 10 years and for each, state:

    a.    The past and present titles and positions of the employee and the accompanying dates of each

    b.    The past and present office locations of the employee and the accompanying dates of each

11.    Has Moss, Codilis ever had any state bar complaint or grievance filed against it? If so, state:

    a.    The Identity of the individual or entity filing said complaint or grievance

    b.    The state in which said complaint or grievance was filed

    c.    When said complaint or grievance was filed.

12.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

13.    Has Moss, Codilis ever been charged by an individual or entity with a violation of the Fair Debt Collection Practices Act? If so, state:

    a.    The Identity of the individual or entity making such charge

    b.    When

    c.    Where

14.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

15.    Has Moss, Codilis ever been investigated by any agency or other entity which governs the actions of Moss, Codilis? If so, state:

      a.    The Identity of the agency or other entity making such investigation

      b.    When

16.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

17.    Identify every partner of Moss, Codilis and for each partner, state:

      a.    The partnership type (general or limited)

      b.    The share of the partnership held by the partner

      c.    When such partner became a partner

18.    Produce any and all Documents referencing, referring to, or relating to the partnership structure referenced in the preceding Request.

19.    Identify the primary attorney employed by Moss, Codilis responsible for representing Ocwen.

20.    Produce any and all Documents referencing, referring to, or relating to the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:  (205) 758-8358

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

*Original*

RECEIVED AND FILED
MARY H. HARRIS

AUG 2 0 2004

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004-912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,...those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies, or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

### SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

**Ocwen Federal Bank, FSB**
**c/o Registered Agent Corporation Service Company**
**2711 Centerville Road, Suite 400**
**Wilmington, Deleware 19808**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other things demanded in the Complaint.  You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2004.


_____    [_____]
Clerk                                                      Deputy Clerk
                                                            Initials


RETURN OF SERVICE:

[ ]      Certified Mail return receipt received in this office on the _____ day of _____, 2004.  (Return receipt hereto attached).



RECEIVED AND FILED
MARY H. HARRIS

AUG 2 0 2004

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| SYBILE LILLY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2004-912 |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| MOSS, CODILIS, STAWIARSKI, | § | |
| MORRIS, SCHNEIDER & PRIOR, | § | |
| L.L.P.; MALONE-GORDON | § | |
| MORTGAGE & INVESTMENTS, INC.; | § | |
| Fictitious Defendants A, B, C,…those | § | |
| individuals, partnerships, corporations, | § | |
| limited liability companies, or other legal | § | |
| entities who are or have been mortgage | § | |
| brokers, holders or servicers of the notes | § | |
| and mortgages executed by the | § | |
| Plaintiff or who have otherwise | § | |
| attempted to collect the fees, finance | § | |
| charges, and other penalties from | § | |
| Plaintiff, | § | |
| | § | |
| DEFENDANTS. | § | |

### SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

**Malone-Gordon Mortgage and Investments, Inc.**
**c/o Thomas R. Gordon**
**1529 – 23rd Avenue**
**Tuscaloosa, Alabama 35401**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other things demanded in the Complaint.  You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2004.


_____        [_____]
Clerk                                Deputy Clerk
                                     Initials


RETURN OF SERVICE:

[ ]    Certified Mail return receipt received in this office on the _____ day of _____, 2004.  (Return receipt hereto attached).



*Original*

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

RECEIVED AND FILED
MARY H. HARRIS

**AUG 2 0 2004**

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

| | |
|---|---|
| SYBILE LILLY | § |
| | § |
| PLAINTIFF, | § |
| | § |
| VS. | § |
| | § |
| OCWEN FEDERAL BANK, FSB; | § |
| MOSS, CODILIS, STAWIARSKI, | § |
| MORRIS, SCHNEIDER & PRIOR, | § |
| L.L.P.; MALONE-GORDON | § |
| MORTGAGE & INVESTMENTS, INC.; | § |
| Fictitious Defendants A, B, C,…those | § |
| individuals, partnerships, corporations, | § |
| limited liability companies, or other legal | § |
| entities who are or have been mortgage | § |
| brokers, holders or servicers of the notes | § |
| and mortgages executed by the | § |
| Plaintiff or who have otherwise | § |
| attempted to collect the fees, finance | § |
| charges, and other penalties from | § |
| Plaintiff, | § |
| | § |
| DEFENDANTS. | § |

CIVIL ACTION NO. CV-2004-912

## SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P.
Post Office Box 785051
Orlando, Florida 32878-5051

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other things demanded in the Complaint.  You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2004.


_____  [_____]
Clerk                                          Deputy Clerk
                                                    Initials


RETURN OF SERVICE:

[ ]     Certified Mail return receipt received in this office on the _____ day of _____, 2004.  (Return receipt hereto attached).



AVS0500                        ALABAMA JUDICIAL DATA CENTER
                    IN THE CIRCUIT COURT OF   SHELBY      COUNTY


SYBILE LILLY VS OCWEN FEDERAL BANK ESB ET AL


        CALAMUSA JANE M L                CASE NUMBER: CV 2004 000912 00
        ROSEN COOK AND SLEDGE            PARTY NUMBER:C001
        PO BOX 2727
        TUSCALOOSA  AL   35403


PLEASE SUBMIT THE CERTIFIED MAIL SET UP AND ENVELOPE FOR THE ABOVE
STYLED CASE. WHEN WE RECEIVE THE CERT MAIL SET UP WE CAN PROCESS
YOUR FILING.

THANK YOU
T YOUNG


For the 2 defendants service going out of state.


    ISSUED ON: 08/05/2004   CLERK: MARY H. HARRIS
                                   P.O. BOX 1810
                                   COLUMBIANA  AL   35051
                                   (205)669-3760
(08/05/2004)  TIY

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| SYBILE LILLY | § |
| | § |
| **PLAINTIFF,** | § |
| | § |
| VS. | §    CIVIL ACTION NO. CV-2004- 912 |
| | § |
| OCWEN FEDERAL BANK, FSB; | § |
| MOSS, CODILIS, STAWIARSKI, | § |
| MORRIS, SCHNEIDER & PRIOR, | § |
| L.L.P.; MALONE-GORDON | § |
| MORTGAGE & INVESTMENTS, INC.; | § |
| Fictitious Defendants A, B, C,…those | § |
| individuals, partnerships, corporations, | § |
| limited liability companies, or other legal | § |
| entities who are or have been mortgage | § |
| brokers, holders or servicers of the notes | § |
| and mortgages executed by the | § |
| Plaintiff or who have otherwise | § |
| attempted to collect the fees, finance | § |
| charges, and other penalties from | § |
| Plaintiff, | § |
| | § |
| **DEFENDANTS.** | § |



## COMPLAINT

1.      Plaintiff Sybile Lilly ("Plaintiff") is an individual over the age of 19 and resident of

Shelby County, Alabama.

2.      Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in

Shelby County, Alabama.

3.      Defendant Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P. ("Moss,

Codilis"), is believed to be a limited liability partnership doing business in Alabama.

4.      Defendant Malone-Gordon Mortgage and Investments, Inc. ("Malone-Gordon") is an

Alabama corporation doing business in Shelby County, Alabama.

5.      Fictitious Defendants A, B, C, . . . are those individuals, partnerships, corporations, limited liability companies, or other legal entities who are or have been mortgage brokers, holders or servicers of the notes and mortgages executed by the Plaintiff or who have otherwise attempted to collect the fees, finance charges, and other penalties as more fully discussed below.

6.      Named and Fictitious Defendants are hereafter known collectively as "Defendants".

## FACTS

7.      Plaintiff executed a Note and Mortgage on Plaintiff's property located in Shelby County, Alabama.

8.      Malone-Gordon originated and closed the mortgage transaction.

9.      The Note and Mortgage were serviced and/or held by one or more Defendants.

10.     The servicing rights to this loan were transferred to one or more Defendants.

11.     Defendants improperly charged Plaintiff late fees when Plaintiff sent mortgage payments to the prior loan servicer.

12.     Defendants continued to charge Plaintiff late fees for these payments and other payments that were timely received.

13.     Defendants misapplied payments received from Plaintiff and otherwise miscalculated the amount owed by Plaintiff.

14.     Defendants improperly held payments received from Plaintiff until said payments were past due.

15.     Defendants improperly returned payments made by Plaintiff, causing Plaintiff's payments to be past due.

16.     Defendants improperly charged Plaintiff unidentified fees and penalties.

17.    Defendants improperly charged Plaintiff certain fees, finance charges, and penalties relating to foreclosure proceedings.

18.    As a result of being improperly charged certain fees and penalties, Defendants' misapplication of funds, and Defendants' miscalculation of amounts owed, Plaintiff was forced to enter into one or more forbearance agreements.

19.    Defendants charged excessive fees relating to these forbearance agreements.

20.    Defendants charged excessive fees relating to notices of default.

21.    Defendants improperly began foreclosure proceedings on Plaintiff's home as a result of Plaintiff's inability to pay the excessive fees and penalties charged by Defendants.

22.    Defendants charged excessive fees relating to these foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiff to keep Plaintiff's home.

23.    Defendants force-placed insurance on Plaintiff's home when Plaintiff already had appropriate coverage on the home and offered proof of same.

24.    Defendants improperly reported the status and amount of Plaintiff's loan to various credit reporting agencies.

25.    Defendants attempted to collect and did collect money from Plaintiff which was not due.

26.    Defendants provided inconsistent payoff amounts to Plaintiff, or otherwise refused to provide payoff amounts upon request.

27.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiff's loan which they had a duty to disclose.

## COUNT ONE

28.    The allegations of paragraphs 1 through 27 are incorporated herein as though set forth again in full.

29.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage.

30.    Defendants had a duty to disclose that Plaintiff would be charged these fees, finance charges, and/or penalties.

31.    As a result of Defendants' failure to disclose this information, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWO

32.    The allegations of paragraphs 1 through 31 are incorporated herein as though set forth again in full.

33.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff.

34.    Said representations were made with the intent that Plaintiff rely upon them.

35.    Plaintiff relied on said representations.

36.    Defendants benefited from Plaintiff's reliance.

37.    As a result of said conduct, Plaintiff was damaged.

- 4 -

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT THREE

38.    The allegations of paragraphs 1 through 37 are incorporated herein as though set forth again in full.

39.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented that they would promptly apply payments received to Plaintiff's account.

40.    Said representations were made with the intent that Plaintiff rely upon them.

41.    Plaintiff relied on said representations.

42.    Defendants benefited from Plaintiff's reliance.

43.    As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FOUR

44.    The allegations of paragraphs 1 through 43 are incorporated herein as though set forth again in full.

45.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiff pursuant to the terms of Plaintiff's note and mortgage.

46.     As a result of not being made aware of such suppressed material facts, Plaintiff entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

47.     Defendants benefited from Plaintiff's reliance.

48.     As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FIVE

49.     The allegations of paragraphs 1 through 48 are incorporated herein as though set forth again in full.

50.     A contract existed between Plaintiff and Defendants.

51.     Defendants breached their agreement with Plaintiff.

52.     As a result of said breach, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT SIX

53.     The allegations of paragraphs 1 through 52 are incorporated herein as though set forth again in full.

54.     Defendants were negligent in the handling of Plaintiff's loan.

55.     As a result of said negligence, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT SEVEN

56.    The allegations of paragraphs 1 through 55 are incorporated herein as though set forth again in full.

57.    Defendants were wanton in the handling of Plaintiff's loan.

58.    As a result of said wantonness, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT EIGHT

59.    The allegations of paragraphs 1 through 58 are incorporated herein as though set forth again in full.

60.    Defendants intentionally inflicted emotional distress upon Plaintiff by threatening to foreclose on Plaintiff's property for failure to pay fees and charges which Defendants had no right to collect and thus had no right to foreclose, and otherwise made representations of foreclosure when they had no right to affect Plaintiff's ownership in the property.

61.    Defendants intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly.

62.    Such conduct was outrageous and in contravention of good conduct and good faith and should thus be deemed repugnant by our society.

63.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT NINE

64.    The allegations of paragraphs 1 through 63 are incorporated herein as though set forth again in full.

65.    The Defendants have converted to their own use the monies as paid by Plaintiff, said monies being the property of Plaintiff.

66.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TEN

67.    The allegations of paragraphs 1 through 66 are incorporated herein as though set forth again in full.

68.    The Defendants owe Plaintiff for money paid by Plaintiff to the Defendants by mistake.

69.    As a result of said payments, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT ELEVEN

70.    The allegations of paragraphs 1 through 69 are incorporated herein as though set forth again in full.

71.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties.

72.    This information was false and defamatory.

73.    As a result, Plaintiff was unable to refinance or were otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWELVE

74.    The allegations of paragraphs 1 through 73 are incorporated herein as though set forth again in full.

75.    Defendants conspired with each other to commit the wrongs alleged herein.

76.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

}                                          }

**Plaintiff's Address:**

Ms. Sybile Lilly
70 Dana Drive
Montevallo, Alabama  35115

**Defendants' Addresses:**

Ocwen Federal Bank, FSB
12650 Ingenuity Drive
Orlando, Florida 32826

Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P.
P.O. Box 785051
Orlando, Florida 32878-5051

Malone-Gordon Mortgage and Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama  35401

CV 04-912

| State of Alabama<br>Unified Judicial System | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br><br>Date of Filing:        Judge Code: |
|---|---|---|
| Form ARCivP-93   Rev. 5/99 | | Month   Day   Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___SHELBY COUNTY_____, ALABAMA
                                                          *(Name of County)*

SYBILE LILLY _____ v. OCWEN FEDERAL BANK, FSB, et al.
_____Plaintiff_____                                      _____Defendant_____

**First Plaintiff**  ☐ Business  ☒ Individual          **First Defendant**  ☒ Business  ☐ Individual
                     ☐ Government  ☐ Other                                    ☐ Government  ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA  - Wrongful Death
☐ TONG  - Negligence: General
☐ TOMV  - Negligence: Motor Vehicle
☐ TOWA  - Wantonness
☐ TOPL  - Product Liability/AEMLD
☐ TOMM  - Malpractice-Medical
☐ TOLM  - Malpractice-Legal
☐ TOOM  - Malpractice-Other
☐ TBFM  - Fraud/Bad Faith/Misrepresentation
☐ TOXX  - Other: _____

**TORTS: PROPERTY INJURY**

☐ TOPE  - Personal Property
☐ TORE  - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN  - Abandoned Automobile
☐ ACCT  - Account & Nonmortgage
☐ APAA  - Administrative Agency Appeal
☐ ADPA  - Administrative Procedure Act
☐ ANPS  - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
              Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  - Civil Rights
☐ COND  - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP  - Contempt of Court
☒ CONT  - Contract/Ejectment/Writ of Seizure
☐ TOCN  - Conversion
☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/Injunction
              Election Contest/Quiet Title/Sale For Division
☐ CVUD  - Eviction Appeal/Unlawful Detainer
☐ FORJ  - Foreign Judgment
☐ FORF  - Fruits of Crime Forfeiture
☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  - Protection From Abuse
☐ FELA  - Railroad/Seaman (FELA)
☐ RPRO  - Real Property
☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  - Workers' Compensation
☐ CVXX  - Miscellaneous Circuit Civil Case

RECEIVED AND FILED
MARY H. HARRIS
AUG 05 2004
CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

**ORIGIN** *(check one):*   F ☒ INITIAL FILING          A ☐ APPEAL FROM
                                                              DISTRICT COURT        O ☐ OTHER:

                           R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                                              OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?  ☒ YES  ☐ NO   Note:  Checking "Yes" does not constitute a demand for a
                                                    jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:  ___August 4, 2004___         Signature of Attorney/Party filing this form  Jane L. Calamusa
C A L 0 5 6         Date

**MEDIATION REQUESTED:**   ☐ YES  ☒ NO  ☐ UNDECIDED

```
AVS0351                                              CV 2004 000912.00

                                        JUDGE: HUB B HARRINGTON

                    ALABAMA JUDICIAL DATA CENTER
                       CASE ACTION SUMMARY
                         CIRCUIT CIVIL

   IN THE CIRCUIT  COURT OF   SHELBY   COUNTY

   SYBILE LILLY VS OCWEN FEDERAL BANK ESB ET AL
   FILED:  08/05/2004 TYPE: CONTRACT/EJMNT/SEIZU TYPE TRIAL: JURY    TRACK:

   DATE1:              CA:            CA DATE:
   DATE2:              AMT:          $.00  PAYMENT:
   DATE3:

   PLAINTIFF  001: LILLY SYBILE
                                    ATTORNEY: CALAMUSA JANE M L
                        , AL  00000-0000  CAL056    ROSEN COOK AND SLEDGE
                        PHONE: (205)000-0000          PO BOX 2727
   ENTERED:  08/05/2004 ISSUED:                       TUSCALOOSA, AL  35403
   SERVED:           ANSWERED:           TYPE:          (205)344-5000
                                          JUDGEMENT:

   DEFENDANT  001: OCWEN FEDERAL BANK ESB
   % Reg Al Corp. svc. G.  12650 INGENUITY DRIVE    ATTORNEY: John E. Goodman
   2711 Centerville Rd, Ste 400                               Brian Blythe
   Wilmington, DE  19809   ORLANDO, FL  32826-0000            521-8709
                        PHONE: (205)000-0000
   ENTERED:  08/05/2004 ISSUED:                    TYPE:
   SERVED: 8/27/04     ANSWERED:           JUDGEMENT:

   DEFENDANT  002: MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER, & PR
                    PRIOR LLP                 ATTORNEY: John N. Bolus
                    P.O. BOX 795051                     1901 6th Ave N.
            Orlando, FL  32878-5051                      Ste 2400
                        PHONE: (205)000-0000          Bham, AL 35203-218
   ENTERED:  08/05/2004 ISSUED:                    TYPE:        254-1020
   SERVED:           ANSWERED: 2/28/05    JUDGEMENT:

   DEFENDANT  003: MALONE-GORDON MORTGAGE AND INVESTMENTS INC
                    C/O THOMAS R GORDON          ATTORNEY:
                    1529 23RD AVE
                    TUSCALOOSA, AL  35401-0000
                        PHONE: (205)000-0000
   ENTERED:  08/05/2004 ISSUED:  08/05/2004 TYPE:     SHERIFF
   SERVED: 1/31/05     ANSWERED:           JUDGEMENT:

   ------------------------------------------------------------------

   08/05/2004    FILED THIS DATE: 08/05/2004            (AV01)

   08/05/2004    ASSIGNED TO JUDGE: HUB B HARRINGTON    (AV01)

   08/05/2004    SUMMONS AND COMPLAINT FILED

   08/05/2004    SUMMONS AND COMPLAINT ISS FOR SVC BY SHERIFF TO:

   08/05/2004    MALONE-GORDON MORT AND INVESTMENTS INC.........

   08/05/2004    JURY TRIAL REQUESTED                    (AV01)

   8/23/04 (08/20/04) Pltf's First Combined Discovery to Deft Moss, Codilis, Stawiarski,
           Morris, Schneider & Prior, LLP filed. me

   8/23/04 (08/20/04) Pltf's First Combined Discovery to Deft Ocwen Federal Bank, ESB filed. me
   8/23/04 (08/20/04) Pltf's First Combined Discovery to Deft Malone-Gordon Mortgage and
   TIY  08/05/2004 Investments, Inc. filed. me                  CV 2004 000912.00
```

AVS0952

CV 2004 000912.00
JUDGE: HUB B HARRINGTON

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY CONTINUATION
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF SHELBY COUNTY

SYBILE LILLY VS OCWEN FEDERAL BANK FSB ET AL
FILED: 08/05/2004 TYPE: CONTRACT/EJMNT/SEIZU TYPE TRIAL: JURY TRACK:

DATE1:                    CA:            CA DATE:
DATE2:                    AMT:    $.00   PAYMENT:

| | |
|---|---|
| 08/23/04 | (08/20/04) Summons filed. me |
| 08/23/04 | Summons & Complaint ISS for SVC by Cert Mail to: |
| | Ocwen Federal Bank, FSB ..EX 8/27/04......... |
| | Moss, Codolis, Stiwiarski, Morris, Schneider & Prior, LLP |
| | Malone-Gordon Mortgage & Investment, Inc Ret'd 8/30/04 Not me deliverable |
| 10/6/04 | (9/28/04) NOTICE OF FILING NOTICE OF REMOVAL FILED.SP |
| 10/6/04 | (10/1/04) ALIAS S & C FILED.Sp |
| 10/6/04 | ALIAS S & C CERT TO MALONE GORDON MORTGAGE & INVESTMENTS...............Sp |
| 10/6/04 | File to HBH |
| 12/7/04 | (12/2/04) ORDER OF REMAND FROM U.S. DISTRICT COURT FILED.sp |
| 12/7/04 | FILE TO HBH.Sp |
| 1/10/05 | π has 30 days to perfect service on Δ Malone Gordon Mortgage and investments |
| 2/14/05 | Plaintiff's Motion to Compel is **GRANTED**. The Defendant, Ocwen Federal Bank is **ORDERED** to respond to the outstanding discovery requests within 21 days from the date Harrington entry of this Order. |
| | Hub Harrington |
| 3/28/05 | Δ's Ocwen Federal Bank's Motion for Partial Summary Judgment As to Claims Exceeding $75,000 is hereby set for hearing on July 6, 2005 @ 9:00 A.M. M/ HBH |

TIY  08/05/2004

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

|  |  |
|---|---|
| SYBILE LILLY, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) CIVIL ACTION NO. |
|  | ) CV 2004-912 |
| OCWEN FEDERAL BANK, FSB, et al., | ) |
|  | ) |
| Defendants. | ) |

### NOTICE OF SERVICE OF DISCOVERY MATERIALS

Defendant Ocwen Federal Bank FSB hereby gives notice that it has served this day upon all counsel of record the following documents:

1.   Notice of Videotaped Deposition of Sybile Lilly.

_____
John E. Goodman
Benjamin M. Moncrief
Brian M. Blythe
Attorneys for Defendant
Ocwen Federal Bank FSB

OF COUNSEL

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama  35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama   35203

Malone-Gordon Mortgage & Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama 35401

by United States mail, first class and postage prepaid, on this 24 day of March, 2005.

Of Counsel

WS0500

ALABAMA JUDICIAL DATA CENTER
IN THE CIRCUIT COURT OF SHELBY    COUNTY


SYBILE LILLY VS OCWEN FEDERAL BANK ESB ET AL


BOLUS JOHN NORMAN                    CASE NUMBER: CV 2004 000912 00
SUITE 2400                           PARTY NUMBER:D002
1901 6TH AVENUE NORTH
BIRMINGHAM   AL   35203


3/28/05  OCWEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CLAIMS
EXCEEDING $75,000 IS HEREBY SET FOR HEARING JULY 6, 2005 @9:00 A.M.
S/ HUB HARRINGTON




ISSUED ON: 03/30/2005   CLERK: MARY H. HARRIS
                               P.O. BOX 1810
                               COLUMBIANA  AL   35051
                               (205)669-3760
(03/30/2005)  LOL

AVS0500

ALABAMA JUDICIAL DATA CENTER
IN THE CIRCUIT COURT OF   SHELBY      COUNTY

SYBILE LILLY VS OCWEN FEDERAL BANK ESB ET AL

CALAMUSA JANE M L                    CASE NUMBER: CV 2004 000912 00
ROSEN COOK AND SLEDGE                PARTY NUMBER:C001
PO BOX 2727
TUSCALOOSA   AL   35403

3/28/05   OCWEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CLAIMS
EXCEEDING $75,000 IS HEREBY SET FOR HEARING JULY 6, 2005 @9:00 A.M.
S/ HUB HARRINGTON

ISSUED ON: 03/30/2005  CLERK: MARY H. HARRIS
                              P.O. BOX 1810
                              COLUMBIANA  AL   35051
                              (205)669-3760

(03/30/2005)   LOL

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

RECEIVED AND FILED
MARY H. HARRIS

MAR 1 6 2005

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

SYBILE LILLY,                              )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )    CIVIL ACTION NO.
                                           )    CV 2004-912
OCWEN FEDERAL BANK, FSB, et al.,           )
                                           )
                                           )
        Defendants.                        )

## NOTICE OF SERVICE OF DISCOVERY MATERIALS

Defendant Ocwen Federal Bank FSB hereby gives notice that it has served this

day upon all counsel of record the following documents:

1.  Ocwen Federal Bank FSB's First Request for Production of Documents to
    Plaintiff.

2.  Ocwen Federal Bank FSB's First Set of Interrogatories to Plaintiff.

_____
            John E. Goodman
            Benjamin M. Moncrief
            Brian M. Blythe
            Attorneys for Defendant
            Ocwen Federal Bank FSB

OF COUNSEL

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000

Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama  35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama  35203

Malone-Gordon Mortgage & Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama 35401

by United States mail, first class and postage prepaid, on this 15 day of March, 2005.

Of Counsel

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

RECEIVED AND FILED
MARY H. HARRIS

MAR 0 8 2005

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

SYBILE LILLY,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )    CIVIL ACTION NUMBER:  CV-04-912
                                       )
OCWEN FEDERAL BANK, FSB, et al.,       )
                                       )
        Defendants.                    )

## NOTICE OF APPEARANCE

The undersigned, Brian M. Blythe, files this notice of appearance as additional counsel for Defendant Ocwen Federal Bank, FSB, without waiver of any available defenses, and hereby requests that all future pleadings, orders and correspondence be served upon him in addition to the other counsel of record in the above-styled case.

Respectfully submitted,

_____
Brian M. Blythe (BLY004)
One of the Attorneys for
Defendant Ocwen Federal Bank, FSB

OF COUNSEL:
John E. Goodman
Benjamin M. Moncrief
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
(205) 521-8000

1/1266887.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama  35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama  35203

Malone-Gordon Mortgage & Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama 35401

by United States mail, first class and postage prepaid, on this _7_ day of March, 2005.

Of Counsel

1/1266887.1

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

RECEIVED AND FILED
MARY H. HARRIS

**MAR 0 8 2005**

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

|                                   |     |                                       |
| --------------------------------- | --- | ------------------------------------- |
| SYBILE LILLY,                     | )   |                                       |
|                                   | )   |                                       |
|     Plaintiff,| )   |                                       |
|                                   | )   |                                       |
| v.                                | )   | CIVIL ACTION NUMBER:  CV-04-912       |
|                                   | )   |                                       |
| OCWEN FEDERAL BANK, FSB, et al.,  | )   |                                       |
|                                   | )   |                                       |
|     Defendants.| )  |                                       |


## NOTICE OF SERVICE OF DISCOVERY MATERIALS


Defendant Ocwen Federal Bank FSB hereby gives notice that it has served this day upon all counsel of record the following documents:


    1.  Ocwen Federal Bank FSB's responses to plaintiffs' first combined discovery.


                                 John E. Goodman
                               Benjamin M. Moncrief
                               Brian M. Blythe
                               Attorneys for Defendant
                               Ocwen Federal Bank FSB


OF COUNSEL

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama 35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203

Malone-Gordon Mortgage & Investments, Inc.
c/o Thomas R. Gordon
1529 23rd Avenue
Tuscaloosa, Alabama 35401

by United States mail, first class and postage prepaid, on this _7_ day of March, 2005.

Of Counsel

1/1266888.1

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

SYBILE LILLY,                              )
                                           )
      Plaintiff,                  )
                                           )
  v.                                       )    CIVIL ACTION NO. CV-2004-912
                                           )
OCWEN FEDERAL BANK, FSB;                   )
MOSS, CODILIS, STAWIARSKI,                 )
MORRIS, SCHNEIDER & PRIOR, L.L.P.;         )
MALONE-GORDON MORTGAGE &                   )
INVESTMENTS, INC.; Fictitious Defendants   )
A, B, C, ... those individuals, partnerships, )
corporations, limited liability companies, or  )
other legal entities who are or have been  )
mortgage brokers, holders or servicers of the )
notes and mortgages executed by the Plaintiff, )
or who have otherwise attempted to collect the )
fees, finance charges, and other penalties from )
Plaintiff,                                 )
                                           )
      Defendants.                )

RECEIVED AND FILED
MARY H. HARRIS

**FEB 2 8 2005**

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

## ANSWER TO COMPLAINT

Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis"), by its undersigned counsel, answers the Complaint filed by Plaintiff Sybile Lilly ("Plaintiff") as follows:

    1.    Plaintiff Sybile Lilly ("Plaintiff") is an individual over the age of 19 and a resident of Shelby County, Alabama.

**ANSWER:**    Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies them.

    2.    Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in Shelby County, Alabama.